## ALMIRA THOMAS ET AL.

### v.

## HENRY LYE.

*Creditor's Bill—Fraudulent Conveyance—Evidence.*

1. The presumption that a deed was delivered at the time of its date may be overcome by sufficient evidence, direct or circumstantial, to the contrary.

2. In a case of running accounts—the earlier indebtedness being paid by proceeds of the later—the continuing indebtedness stands upon the same footing as an indebtedness existing at the time of a conveyance attacked as fraudulent.

3. Upon a creditor's bill, filed to set aside the conveyance of real estate as fraudulent, and to subject the same to the payment of the judgment in favor of the complainant against two of the defendants, this court declines to interfere with a decree in conformity with the prayer of the bill.

[Opinion filed December 11, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. S. A. FRENCH, for appellants.

Mr. JOHN M. SOUTHWORTH, for appellee.

GARY, J. There is but one question that can be called a question of law in this case. Stanton M. Thomas and Almira Thomas, two of the appellants, are the father and mother of the other appellant, Adelbert. The latter was a milk dealer in Chicago, in March, 1878, and then owed the appellee for milk $366.40. Dealings between them continued until April, 1879, when the amount due was $618.15. During that course of dealing the amount due had never diminished, though the payments on account had much exceeded the original indebtedness.

In May, 1879, the appellee sued Adelbert and Stanton (on what ground the latter was liable does not very clearly

appear) for the amount due, and in May, 1881, recovered judgment for the sum last named against Adelbert and Stanton. While a motion for a new trial was pending in that case, a deed from Adelbert to his mother, wholly without any valuable consideration, for real property in Chicago of the net value of $4,800 over an incumbrance, was put on record, which deed was dated in March, 1878, and acknowledged in April, 1878. There is no proof in the record which a chancellor would be bound to regard, that the deed was delivered to Almira until about the time it was recorded, and the presumption that it was delivered at the time of its date, might be overcome by sufficient evidence, direct or circumstantial, to the contrary. But without reference to that matter, it is found by the chancellor, upon evidence that justifies the finding, that at the date of the deed Adelbert was largely indebted to the appellee, and if not absolutely insolvent, was in immediate danger of insolvency, and before the rendition of the judgment against him, became wholly insolvent, and that as to the appellee it was a fraudulent conveyance. To sum up the evidence would occupy a good deal of space and be of no benefit to anybody.

An execution upon the judgment having been issued, and returned *nulla bona*, the decree appealed from directed a sale of the property described in the deed for the satisfaction of the judgment, unless it should be paid within a time fixed by the decree.

The question of law alluded to in the opening of this opinion is, assuming the deed to have been delivered at its date, and the amount then due the appellee having been paid in the course of the running account, by applying the payments to the earliest charges, then, whether the appellee should be regarded as a subsequent creditor only, and therefore not entitled to relief.

No case in this State seems to answer that question, but elsewhere the authorities are uniform in holding that such continuing indebtedness—the earlier being paid by the proceeds of the later—stands upon the same footing as an indebtedness existing at the time of the conveyance attacked. Bump, Fr. Con., 322; Wait, Fr. Con., Sec. 103.

As to $366.40 owing at the date of the conveyance, then, there can be no question that the conveyance should be held fraudulent; and when that is done as to prior indebtedness, the subsequent is let in to share in the proceeds. Wait, Fr. Con., Sec. 104; Bump, Fr. Con., 324.

The appellee, therefore, is entitled to be paid in full, and the decree is affirmed.

*Decree affirmed.*