Staples, J.,
delivered the opinion of the court.-
*415 It is conceded that the lot conveyed by George W. IKyle on the, 16th February, 1849, to a trustee for the benefit of Mrs. Irvine and her children, was sold and proceeds invested under a decree of the hustings court of Lynchburg, in the 113 acre tract. That decree directed that William A. Irvine, the husband, should hold the 113 acre tract in trust to the uses and purposes declared in the deed of 16th February, 1849.
It would seem, however, that Burnett and wife, in whom the title to the 113 acre tract was vested, did not conform to the provisions of the decree in this respect, but conveyed the tract directly to the husband without mentioning the trusts in favor of the wife and children. Whilst, therefore, the deed vests the naked legal title in the husband, the real beneficial ownership is in Mrs. Irvine and her children. The only question we have to deal with in this connection is whether the land is liable to the claims of the husband’s creditors.
This court has repeatedly decided that the judgment creditor can occupy no higher ground than his debtor; that he may take the debtor’s interest, but nothing more; and that a court of equity will so limit the lien of the judgment as uot to interfere with the equitable interests of third persons claiming bona fide under the debtor. The only qualification of this rule is found in the Registry statutes, which declare every deed and written contract for the sale of land void, as to the creditors of the grantor, unless duly recorded. In this case the grantors are Burnett and wife, against whom no claim is asserted. The real debtor is William A. Irvine; and the effort to subject the land to the payment of his debts is based wholly upon the idea that the legal title is vested in him by the deed of Burnett and wife.
It is obvious the registry acts have no sort of application to the case. The simple inquiry is, whether the deed is to preclude Mrs. Irvine and her children from asserting their *416 beneficial ownership of the land. Had they filed their , t bill to correct the mistake in the deed immediately after execution, no one could have controverted their right to' relief, even against the husband’s creditors; for the plain reason they could not be prejudiced by the fraud or even innocent mistake of parties over whom they exercised no sort of control. If Mrs. Irvine and her children are now without remedy, it can only be because they have been guilty of laches in asserting their demands.
The deed was executed in 1863—a period of great confusion and disorder—when, it is fair to presume, but little attention was paid to the character of the instrument. It was at once placed on record, and was no doubt lost sight of by all the parties concerned in it. At all events, there is every reason to believe that Mrs. Irvine and her children were not apprised of the mistake until this suit was instituted by the appellees. But had she known it, the law would not impute to her, a married woman, laches in failing to bring suit against her husband to have the deed corrected; there being no pretence of fraud in the case. The case of Justis v. English, 30 Gratt. 565, is ample authority upon this point.
So far as the children are concerned, all of them—with, perhaps, a single exception—were infants down to the time of bringing this suit. Under all these circumstances, it seems to be clear that the parties cannot be affected by the mere lapse of time. Whether the appellees gave credit to the husband upon the faith of her supposed title to the property does not appear. Conceding that they did, their equity is not superior or equal to that of Mrs. Irvine and her children, whose funds were invested in the land, and who, without fraud on their part, have been divested of their estate. Besides, it is a universal rule that all who take a trust estate, except purchasers for valuable consideration without notice, take it subject to the trust; and this rule applies to creditors of the trustee as to others. 1 Perry on Trusts, 346.
*417 In Mauzy v. Sellars & als., 26 Gratt. 641, the question was presented, whether a deed which conveyed to the vendee, by mistake of the draughtsman, certain property intended to be conveyed, could, at the instance of the vendor, be reformed as against the creditors of the vendee. It was held that, as it was competent between vendor and vendee, to correct the mistake, it was also competent to do so between the vendor and the judgment creditors of the vendee; that the creditor, not being bound by the deed, could not rely upon it as an estoppel, and the lien of his judgment could extend no further than the actual interest of the debtor. We are, therefore, of opinion that the tract ■of 113 acres is not subject to the debts of William A. Irvine due the appellees.
The next question is as to the operation and effect of the deed executed by Fair and wife, the 21st January, 1859, to Mrs. Irvine. The purchase money was not paid out of any funds belonging to Mrs. Irvine, but was paid by William A. Irvine, the husband, as is recited in the deed. The question is, whether this creates a resulting trust in favor of the husband, or is to be considered an advancement by him to the wife. The learned judge of the circuit court seems to have thought it a resulting trust; and the land embraced in the deed is, therefore, liable to the creditors of the husband. It is not necessary, at this day, to enter into an investigation of the principles of law governing resulting trusts. The doctrine generally, if not universally, recognized is, that when a conveyance of real estate is made to one person, and the consideration paid by another, it is presumed that the party advancing the money intended a benefit to himself, and accordingly a resulting trust is raised in his behalf. But when the conveyance is taken to a wife or child, or to any other person for whom the purchaser is under an obligation to provide, no such presumpiion attaches. On the contrary,the inference in such case is that the purchase was designed as *418 an advancement to the person to whom the conveyance is made. It is, however, always a question of intention, and the trust in favor of the wife or child may be rebutted by parol proof, showing that the party intended the purchase for his own benefit exclusively. 1 Perry on Trust, §143-4-5, and numerous cases there cited.
When, therefore, William A. Irvine made the purchase from Fair and caused the deed to be made to his wife, it is to be presumed he designed it as a settlement upon her, and not for his own benefit. There is nothing in the record to rebut this presumption. It will be understood, of course, that the husband cannot by a voluntary postnuptial settlement upon his wife, place his estate or any portion of it beyond the reach of his creditors. As to all existing debts the deed would be void, however honest the motive with which it was executed. As to subsequent creditors, however, it would be valid unless made with an actual fraudulent intent. Johnston & als. v. Gill & als., 27 Gratt. 587.
In the ease before us fraud is not pretended. There is not a particle of testimony in the record tending to show it. It is not even charged in the pleadings. All the debts of William A. Irvine were contracted long after the execution of the deed to his wife, with a single exception ; and that is a small claim of $47.75, alleged to be due Statham & Co., which was contracted in 1852. As to that claim the deed must be held to be void, and so much of the property as is necessary applied to its payment. A preliminary question, however, arises, and that is whether this debt has not been already paid. The commissioner to whom it was referred to take an account of William A. Irvine’s debts reported it as a judgment debt. Statham & Co. have not, however, attempted in this suit to enforce its collection. Mr. Statham, being appealed to, has filed an affidavit, which may be treated as his answer to the bill, in which he says he makes no claim *419 to the debt, but that he has heard it is claimed by George Dameron. Dameron is not before the court, and it does not appear what is the nature or extent of his interest. Upon this point there must be an inquiry with a view to ascertain whether the debt is still due, and, if so, who is the owner.
There is but one other subject of consideration, and that is, whether William A. Irvine has any interest as tenant by the courtesy or otherwise in the land conveyed by Fair to Mrs. Irvine, which can be subjected to his debts. The deed from Fair does not profess to convey to or vest in Mrs. Irvine a separate estate. No words are used appropriate to convey or create such an estate. A distinction has, however, been taken between a deed by a stranger and a deed by the husband to the wife.
In the former case the deed must contain proper words, or by implication equally plain show an intent to confer a separate estate, otherwise the marital rights will attach. No particular form of words is necessary to create a separate use for the wife. Whenever it appears from the proper construction of the instrument, or from the nature of the transaction, she is intended to take the separate use, effect will be given to the intention. -And therefore it is, when the conveyance is by the husband to the wife, it will be construed generally as operating to her separate use, although no such words are used as would be necessary to the creation of a separate estate in a conveyance by a stranger. The reason is said to be, that otherwise the deed will be wholly inoperative. It was so held by this court in Sayers v. Wall & als., 26 Gratt. 354, and Leake, trustee v. Benson, 29 Gratt. 153; and the point is fully sustained by the authorities elsewhere.
In the case before us the principle would seem to apply in all its force. The husband in requiring the deed to be made to his wife must have designed some personal benefit to her, not subject to any contingency whatever. If *420 the deed is to be construed as clothing him with a life estate as tenant by the courtesy, the wife would not derive any advantage from the estate, unless she happened to be the survivor.
The courts will be slow to adopt a construction of the deed which would thus defeat the main objects of the settlement upon the wife.
For these reasons, we are of opinion, there is error in the decree appealed from ; that the same must be reversed and annulled ; that the bill of the appellee, H. M. Greever, be dismissed, and the lands of the appellants held exempt fronl the debts of William A. Irvine, except the debt reported as due Statham & Co., with respect to which an inquiry must be directed whether the same has been paid, and if not who is entitled to the payment of the same; and if upon such inquiry the said debt is ascertained to be due, a decree is to be entered charging it upon the land embraced in the deed from Fair and wife to Mrs. Irvine.
The decree was as follows :
The court is of opinion, for reasons stated in writing and filed with the record, that the tract of one hundred and thirteen acres of land conveyed by Burnett and wife to William A. Irvine, is trust property belonging to Mrs. Elizabeth A. Irvine, held by the said William A. Irvine, to the uses and purposes set out in the deed of February 16, 1849, from George W. Kyle to LutherS. Irvine; and consequently that sáid tract of 118 acres is not properly chargeable with the debts of the said William A. Irvine; and the circuit court erred in not so holding.
The court is further of opinion, that the lot or parcel of land conveyed by William L. Fair-and wife, on the 21st January, 1859, to Mrs. Elizabeth A. Irvine, is to be regarded as a settlement to the separate use of the latter, and consequently said propety is not chargeable with any debts of said William A. Irvine contracted since the execution *421 of said deed; and the circuit court erred in not so holding. It is, therefore, decreed and ordered, that for the errors aforesaid, the decree of the 13th October, 1877, be reversed and annulled ; and the appellees, the creditors of the said William A. Irvine, except Statham & Co., pay to the appellants their costs by them expended in the prosecution of their appeal aforesaid here.
And this court, proceeding to render such decree as the said circuit court ought to have rendered, it is decreed and ordered that upon the petition fora rehearing,styled in the proceedings a bill of review, the decree of the 14th of October 1876, and the decree of the 11th April, 1877, be reheard; and it is further decreed and ordered that so much of the said decree of October, 1876, as directs a sale of the real estate therein mentioned, or a lease of the same, be reversed and annulled, and the decree of April, 1877, confirming said sale, be also reversed and annulled ; that the sale made by said commissioner be vacated, and the bonds given for the purchase money be cancelled or restored to the purchaser; and the original and amended bills filed by the appellee, H. M. Greever, be dismissed, with costs as to the said H. M. Greever, but that Statham & Co., or any person claiming to be the assignee or owner of the j udgment recovered by said Statham & C®., against William A. Irvine, have leave further to prosecute the suit in their own name, for the purpose of enforcing said judgment; and if upon due inquiry it shall appear that said judgment is still unpaid, the same may be enforced by a proper decree against the lot or parcel of land embraced in the deed from Fair and wife to Mrs. Elizabeth A. Irvine, or against the rents and profits thereof, as may seem to the circuit court just and proper.
And the cause is remanded to the circuit court for further proceedings therein to be had in conformity with this decree.
Degree reversed.