**Richmond.**

DEZENDORF V. HUMPHREYS & SON & OTHERS.

AND

LOWNSBERRY AND OTHERS V. HUMPHREYS & SON AND OTHERS.

JANUARY 20, 1898.

Absent, Riely, J.

1. EQUITABLE SEPARATE ESTATES SINCE MAY 1, 1888—*Restraints on Alienation.*—A devise to a married woman, since May 1, 1888, to her sole and separate use, restraining her power to alien and encumber, creates an equitable separate estate in the woman, although no trustee be interposed; and her powers over the estate and in respect to it are measured and controlled by the provisions of the will.

2. EQUITABLE SEPARATE ESTATES—*Restraints on Alienation.*—A married woman may charge her equitable separate estate by her general engagements unless restrained by the instrument which creates the estate, but the restriction may be implied from the whole instrument, as well as imposed in express terms.

3. EQUITABLE SEPARATE ESTATES—*Powers of Courts of Equity Over.*— Courts of equity cannot exercise any greater power over the equitable separate estate of a married woman than is conferred on her by the terms of the settlement. If she cannot convey or encumber it, courts of equity cannot charge it with her debts. The power of the court is simply co-extensive with that of the married woman herself.

4. EQUITABLE SEPARATE ESTATES FOR LIFE—*Restraints on Alienation— Rents and Profits.*—The restriction upon the power of a married woman to convey or encumber her equitable separate estate for life, is also a restriction on her power to convey the rents, issues, and profits of such estate.

Appeal from a decree of the Law and Chancery Court of the city of Norfolk pronounced May 21, 1895, in a suit in chancery

wherein D. Humphreys & Son were the complainants, and Mary
L. Dezendorf and others were the defendants.

*Reversed in part.*

The decree of the Law and Chancery Court was adverse to
Lownsberry and other creditors similarly situated, and also to
Mrs. Dezendorf, all of whom were defendants in the court below
and they took separate appeals.

The opinion states the case.

In DEZENDORF v. HUMPHREYS & SON:

*Christian & Christian* and *W. H. White,* for the appellant.

*Whitehurst & Hughes, E. Spalding, Burroughs & Bro.,* and
*Geo. McIntosh,* for the appellees.

In LOWNSBERRY AND OTHERS v. HUMPHREYS & SON AND OTHERS:

*Tunstall & Thom* and *Whitehurst & Hughes,* for the appel-
ants.

*White & Garnett, E. Spalding, Burroughs & Bro.,* and *Geo.
McIntosh,* for the appellees.

KEITH, P., delivered the opinion of the court.

We are called upon in these cases to construe the will of James
N. Croft, dated January 8, 1891 and probated on the 25th of
June of that year. He gives to his daughter Mary Louise
Dezendorf certain property "to have for her sole and separate
use during her life, and at her death to be equally divided among
her children, to be for their sole use and benefit."

By the fifth clause of the will, it is provided that "none of the
property above devised shall be conveyed or encumbered by my
said daughters; and in the event of said daughters, or any or
either of them, departing this life before their respective chil-
dren shall arrive at the age of twenty-one years, the land devised

to the daughter so dying shall not be divided until her youngest. child arrives at age of twenty-one years, and during the time between the death of my daughter, and the time at which her youngest child attains the age of twenty-one years, it shall be the duty of my executor to collect the rent from said property and divide it equally among her children."

Dezendorf and his wife united in several deeds of trust by which they conveyed the property derived from her father, and the rents, issues and profits received from it, in trust to secure certain debts.    Other creditors brought suit and recovered judgments against her, and as to still a third class of creditors judgments were confessed by her in their favor.    Humphreys & Son obtained a judgment against John F. Dezendorf and Mary Louise Dezendorf in the Circuit Court of the city of Norfolk, and filed their bill in the Law and Chancery Court of that city for the purpose of enforcing it.    In their bill they allege that it is a second lien on certain real estate of Mary L. Dezendorf, in the city of Norfolk.    Dezendorf and his wife and a number of creditors were made parties defendant.    The cause was referred to a commissioner, who reported the liens binding upon the property sought to be subjected, their character, amounts, and priorities.    To this report exceptions were taken, and the Law and Chancery Court entered a decree holding that Mrs. Dezendorf had, under her father's will, no power by her voluntary act to charge the property which she held under his will; that the deeds of trust which she together with her husband had executed upon it, and the judgments which she had voluntarily confessed, came within the 5th clause of the will, which prohibited her to convey or encumber it, and were therefore null and void.    The Law and Chancery Court, however, took a different view as to the judgments obtained in due course of judicial procedure.    It seems to have regarded the limitation upon the power of Mrs. Dezendorf over her separate estate as extending only to conveyances and encumbrances voluntarily executed by

her, and not to such as might be obtained against her by a resort upon the part of her creditors to the courts of the country.

The first question for us to consider is what is the character of the estate taken by Mrs. Dezendorf under her father's will? Is it a statutory separate estate as to which her power is to be measured by chapter 103 of the Code, or is it an equitable separate estate as to which her power is to be ascertained by reference to the instrument which created it?

By section 2294 of the Code, ch. 103, it is provided that "nothing contained in the preceding sections of this chapter shall be construed to prevent the creation of equitable separate estates. Such estates shall not be deemed to be within the operation of the said sections, but they shall be held according to the provisions of the respective settlements thereof, and shall be subject to and governed by the rules and principles of equity applicable to such estates."

Section 2284 declares of what the separate estate of a married woman shall hereafter consist, but it does not undertake to draw the line which divides the equitable from that which, in default of a better term, has been designated the "statutory separate estate." All interests, estates, and property rights of every description which come to a married woman from whatever sources are, with exceptions which need not here be noted, to be held and enjoyed as her separate estate. That which, prior to the passage of the "Married Woman's Act," was held by her as separate estate, retains that character, and her power over it, and with respect to it, is measured and controlled by the provisions of the settlement by which it was created, and is "governed by the rules and principles applicable to such estate." Sec. 2294.

In *Miller* v. *Miller*, 92 Va. 510, this court was called upon to construe a deed by which a testator conveyed to his daughter, Sarah J. Miller, a tract of land "to have and to hold to her only use and behoof." Judge Riely, delivering the opinion of the court, held the language to be sufficient to create an equitable separate estate, and said "that being made to her while a married

woman and expressed to be for her only use and behoof  *  *  *
the words annexed to the gift clearly manifest an intention to
exclude the rights of her husband, and created in her an equi-
table separate estate in fee." It was objected in that case, as in
this, that the land was conveyed directly to the beneficiaries
without the intervention of a trustee, but that was held to make
no difference in the result; "for it is a fundamental maxim of
equity that a trust shall never fail for the want of a trustee."
"Although the wife's separate estate is an equitable one, being
in conception of equity a trust estate with the legal and equita-
ble titles separated; and although in strict theory, and in every
regular form of settlement, the legal title should be conveyed to
or held by express trustees, yet it is well settled, whatever doubts
may have once existed, that the interposition of actual trustees is
unnecessary." 3 Pom. Eq. Jur., sec. 1100.

We cannot doubt, therefore, that the language employed in
the will of J. N. Croft creates an equitable separate estate in his
daughter Mary L. Dezendorf, and that, in order to ascertain the
extent of her power to charge it, resort must be had to his will.
The decisions in this State establish the principle that a married
woman may charge her separate estate by her general engage-
ments unless the instrument which creates it imposes some re-
striction upon her power to do so; and secondly, that a restriction
or limitation upon her power may be created not only by express
language, but may be implied from the whole instrument. A
court, therefore, dealing with a separate estate, must ascertain
and measure the power which the married woman can exert over
it. It must act within the limit prescribed to her by the instru-
ment under which she holds her separate estate. If she cannot
convey or encumber it, neither can she by any general engage-
ment fasten upon her property an inchoate charge which may by
her voluntary act, or through the instrumentality of the courts
in the ordinary discharge of their functions, be elevated into a
lien or encumbrance. The law which limits the power of the
beneficiary over the subject has at the same time circumscribed

the power which can be exerted by the courts. Indeed, until recently, there was room for the contention that a married woman uniting with her husband could by her voluntary act devote the *corpus* of her real estate to the payment of her debts while the courts could only subject its rents, issues, and profits.

After a careful review of the authorities, the law was settled otherwise in the case of *Price* v. *Planters National Bank*, 92 Va. 468. By that decision the power of the court was ascertained to be co-extensive with that of the parties themselves, but there is no case in which the courts in dealing with an equitable separate estate have undertaken to exercise a power over it greater than that conferred upon the married woman by the instrument creating it. The restraint upon the one is equally a limitation upon the other.

Nor do we think it is an answer to say that the deeds of trust in this case, or some of them, undertook to convey only the rents, issues, and profits, and did not convey or encumber the life estate of Mrs. Dezendorf in the property itself. Such a construction would sacrifice the substance to the shadow.

We are of opinion that the will created an equitable separate estate in Mrs. Dezendorf; that the fifth clause of the will, by which she is prohibited to convey or encumber it, operates as a restraint upon her power to charge it by her general engagements, for they would be wholly unproductive unless she could by her voluntary act devote her property to their satisfaction by conveying or encumbering it, or unless the creditors could, by resort to the courts, accomplish the same result by its sale or sequestration; and, as we have seen, the courts can have no greater power over the subject than is conferred upon the married woman by the instrument under which she holds it.

It follows, therefore, that there is no error in so much of the decree complained of as denies the right of the creditors of Mrs. Dezendorf to subject her separate estate by virtue of the several deeds executed by her, and the judgments voluntarily confessed;

Opinion.

but there is error in subjecting the separate estate to the liens of judgments obtained against her in the ordinary course of judicial procedure, and for this the decree must be reversed.

*Reversed in part.*