**Richmond.**

JONES v. JONES' EX'OR AND OTHERS.

MARCH 9, 1899.

Absent, Cardwell, J.

1. CONVEYANCE TO WIFE AND HER CHILDREN—*Fee in Wife.*—The convey-
   ance to a trustee for the benefit of the wife and children in the case
   in judgment vests a fee simple estate in the wife.
2. SEPARATE ESTATES—*Whether Equitable or Statutory.*—Whether the sepa-
   rate estate of a married woman is equitable or statutory is to be de-
   termined from the terms of the instrument creating the settlement.
   If the instrument grants powers or imposes restrictions not granted or
   imposed by the statute, but which are yet consistent with the princi-
   ples and rules of equity, the estate will be construed to be an equitable
   and not a statutory separate estate.
3. CURTESY IN EQUITABLE SEPARATE ESTATE OF WIFE.—A husband is not
   entitled to curtesy in an equitable separate estate of the wife, created
   by him, although all the common law requisites for curtesy exist. He
   is excluded by the nature of the transaction.

Appeal from a decree of the Circuit Court of Mecklenburg
county pronounced December 6, 1897, in a suit in chancery
wherein the appellee, Jones' Ex'or, was the complainant, and
the appellant and others were the defendants.

                                              *Reversed.*

The deed construed by the court was in the following words
and figures:

"This deed, made and entered into this the 7th day February, 1883, by
and between J. Wesley Jones, of the county of Mecklenburg, and State of
Virginia, of the first part, and Thomas N. Jones, of the county of Char-

Opinion.

lotte, and State of Virginia (who is hereby appointed trustee for Mary E. Jones and her children), of the second part, witnesseth: That in consideration of the sum of five dollars in hand paid, the receipt of which is hereby acknowledged, and in the further consideration of natural love and affection cherished by the party of the first part for his beloved wife, the said Mary E. Jones; he, the party of the first part, hereby conveys, with general warranty, unto the party of the second part the following described property—viz.: The tract of land on which he now resides, known as 'Old Lombardy Grove,' lying in the county of Mecklenburg, and containing 350 acres, more or less, adjoining the lands of J. W. Elam, and bounded by the Alexanders Ferry Road and the road leading from the said land to Smith's X Roads; also, the household and kitchen furniture now owned by him.

And it is hereby expressly agreed that the party of the second part shall hold the title to the aforesaid property for the benefit of the said Mary E. Jones *and any child or children which may* be hereafter born to her of her present marriage, allowing to the said Mary E. Jones *and her children* at all times the possession and control of said property, and be entitled to its accretions, and *she* shall be at liberty at any time to make sale or exchange of the said property herein conveyed by the trustee's uniting in the deed of exchange or sale. But in the event of the death of the said Mary E. Jones without living issue of her present marriage, the said property to go to the said party of the first part or his heirs at law, as witness the following signatures and seals this the day and year aforesaid.

                      J. WESLEY JONES, M. D.     [Seal.]
                      THOMAS N. JONES, Trustee.   [Seal.]"

*C. T. Baskerville* and *Stiles & Holladay*, for the appellant.

*Geo. B. Finch* and *C. J. Faulkner*, for the appellees.

RIELY, J., delivered the opinion of the court.

By deed of February 7, 1883, a certain tract of land was conveyed by J. Wesley Jones to Thomas N. Jones, trustee, for the benefit of Mary E. Jones (the wife of the grantor) and any child or children who might be thereafter born of their marriage, and the absolute power expressly vested in her by the deed to sell or exchange the property by the trustee's uniting in the conveyance.

The court is of opinion that the wife took under the deed the entire interest in the land, to the exclusion of the children.

This conclusion is in conformity to a long line of decisions made in similar cases, in which the reasons for holding this construction to be the real purpose and meaning of the grantor are fully given, and any discussion of them here would be superfluous. *Walke* v. *Moore*, 95 Va. 729, and the cases there cited.

Mary E. Jones died on July 19, 1889, leaving one child of the marriage (the appellant) surviving her, and the main question presented for decision is whether her husband has an estate by the curtesy in the land.

Whether a separate estate is an equitable separate estate or a statutory separate estate must be determined from the language and provisions of the instrument to be construed in each case. If the instrument grants powers or imposes restrictions not granted or imposed by the statute, but which are yet consistent with the rules and principles of equity, the estate will be construed to be an equitable and not a statutory separate estate, and that which, prior to the passage of the " Married Woman's Act," was held to be an equitable separate estate, retains that character, is controlled by the provisions of the settlement by which it was created, and is governed by the rules and principles applicable to such estate. *Dezendorf* v. *Humphreys*, 95 Va. 473. Bearing in mind this rule of construction, we are of opinion that the nature of the estate acquired by Mary E. Jones under the deed of February 7, 1883, was unquestionably an equitable separate estate in fee simple, defeasible upon her dying without issue of the marriage living at her death, and not a statutory separate estate. And being an equitable separate estate, the right of the husband to curtesy is to be determined by the rules and principles of equity applicable to such estates, for it was not intended that those estates should be affected by the creation of the statutory separate estate. On the contrary, the Legislature expressly recognized equitable separate estates, and intended to preserve them. This plainly appears from the

proviso to the original act (Acts 1876–77, p. 333–34) creating the statutory separate estate and the act amendatory thereof (Acts 1877–8, p. 247–48), that. "the sole and separate estate created by any gift, grant, devise, or bequest, shall be held according to the terms and powers, and be subject to the provisions and limitations thereof, and to the provisions and limitations of this act, so far as they are not in conflict therewith." *Hutchins* v. *Commercial Bank*, 91 Va. 68; and Burks' Separate Estates, 75.

A husband, if he survives his wife and the common law requisites exist, is entitled to curtesy in any real estate held by her as her equitable separate estate, which may remain at her death undisposed of by her during the coverture, or by will, under a power to that effect vested in her by the instrument creating the separate estate, just as in any other real estate of inheritance owned by her, unless his marital rights are excluded by such instrument. Whether they are excluded or not depends upon the intention of the grantor. This may appear from the instrument creating the separate estate in the wife, or may result from the nature of the transaction. Where the separate estate is created by a stranger, the intention to exclude must be plain and unequivocal, or the husband will be entitled to curtesy. Burks' Separate Estates, 14–15; *Chapman* v. *Price*, 83 Va. 392; *Mitchell* v. *Moore*, 16 Gratt. 275; *Nixon* v. *Rose*, 12 Gratt. 425; *Charles* v. *Charles*, 8 Gratt. 486.

But where the equitable separate estate is created by the husband, the intention to exclude is presumed or results from the transaction itself, except so far as he may have reserved his marital rights in the instrument creating the separate estate. The law attaches to every absolute conveyance complete alienation of the entire interest of the grantor, so far as the alienation is permitted by the principles of law and equity. Upon this principle, the law presumes that a husband, by an absolute conveyance creating an equitable separate estate in the wife, intended to vest in her his entire interest in the subject con-

Opinion.

veyed, including all his marital rights, present and future, and the conveyance is so construed. Consequently, a husband has not an estate as tenant by the curtesy in land conveyed by him in such manner as to create an equitable separate estate in his wife, whether the conveyance be made directly to her or to another person for her, in the absence of a reservation in the conveyance of his right thereto at her death. Burks' Separate Estates, 16; *Sayers* v. *Wall*, 26 Gratt. 354; *Irvine* v. *Greever*, 32 Gratt. 411; and *Dugger* v. *Dugger*, 84 Va. 130.

The Circuit Court erred in holding that J. Wesley Jones was entitled to curtesy in the land conveyed by the deed to Thomas N. Jones, trustee, by the deed of February 7, 1883. Its decree must, therefore, be reversed, and the cause remanded for further proceedings to be had therein in accordance with the views herein expressed.

*Reversed.*