## DETERMINED BY THE

# SUPREME COURT OF APPEALS

## OF

# WEST VIRGINIA

---

## CHARLESTON.

FIRST NATIONAL BANK OF NORTHFORK *v.* JAMES GODFREY *et als.*

Submitted May 1, 1923.    Decided May 8, 1923.

1. CURTESY—*Husband Has Estate by Curtesy After Death of Wife in Lands Voluntarily Settled on Her, if not Relinquished in Conveyance.*

   A husband has an estate by the curtesy after the death of his wife, in the lands which he voluntarily settled upon her; if he did not in express terms, or by plain implication, relinquish such right in the instrument of conveyance. (p. 3).

2. CREDITORS SUIT—*Bill to Subject Husband's Curtesy to Judgment Held not Demurrable, Because Failing to Allege that it is all the Property Owned by the Husband.*

   A bill, in the nature of a creditors bill, brought by a judgment creditor against the husband to sell the estate he holds by the curtesy in the real property owned by his deceased wife, at the time of her death, for the payment of the liens thereon; which charges that the judgment was regularly obtained, that an execution thereon was issued and was returned "no property found" and that the rents and profits of said property will not pay the liens against it in five years, is not demurrable because of its failure to allege that the property sought to be subjected is all the property owned by the husband. (p. 3).

3. REFERENCE—*Exception to Commissioner's Report Subjecting Lands to Liens Thereon Properly Overruled.*

   In a case where the record discloses the fact that the property sought to be subjected to the payment of the liens

thereon, is all the real property owned by the judgment debtor, an exception to a commissioner's report because it fails to show that fact is properly overruled. (p. 5).

4. CURTESY—*Curtesy of Husband in Lands of Deceased Wife May be Sold for his Debts, Although Her Sole and Separate Estate.*

A husband has an estate by the curtesy in the lands owned by his wife at the time of her death unless such curtesy interest has been relinquished or barred, and though such lands were her sole and separate estate, such curtesy interest may nevertheless be sold for the payment of the husband's debts. (p. 5).

Appeal from Circuit Court, Mercer County.

Suit by the First National Bank of Northfork against James Godfrey and others. From a decree for plaintiff, defendants appeal.

*Affirmed.*

*James S. Kahle,* for appellants.

*Graham Sale* and *J. Randolph Tucker,* for appellee.

MCGINNIS, JUDGE:

This is a chancery suit brought against James Godfrey et als., in the Circuit Court of Mercer County, which suit is, by the bill, shown to be in the nature of a general creditors bill to subject the curtesy of the defendant James Godfrey, alleged to be held by him in a certain house and lot described in the bill as being in the city of Bluefield, known as lot No. 6 in section 179 on a proposed sub-division of the Davidson tract.

The bill alleges that on the 13th day of May, 1919, in the Circuit Court of Mercer County, the plaintiff recovered a judgment against the defendant, James Godfrey, for $5696.43 and costs; that on the 11th day of December, 1919, said judgment was duly docketed in the Judgment Lien Docket of the County Court of Mercer County; that on the same day a writ of *fieri facias* was issued upon said judgment, directed to the sheriff of said county, returnable —— days after date, that said writ was placed in the hands of said sheriff to be executed and was returned by him endorsed "no property found"; the bill also alleges that the defendant James Godfrey, has a life estate by the curtesy in said house

and lot. The bill further sets up other judgments against the defendants, alleges that the plaintiff is not advised as to whether or not these other judgments have been paid; also alleges that the rents and profits of said real estate will not satisfy plaintiff's judgment in five years, and prays that the defendant be required to answer the bill and that all proper orders and decrees be made, inquiries directed, and accounts taken, and if it shall appear that the rents and profits of said estate will not satisfy plaintiff's judgment, and the other liens, within five years, the said life estate in the real estate be sold, or so much thereof be sold as may be necessary to satisfy the liens against same, and that if it be ascertained that the rents and profits will satisfy the liens thereon within five years, that said property be rented out and the rents and profits applied to the payment of the plaintiff's judgment, and for general relief.

To the bill the defendant James Godfrey demurred and filed his answer. Upon the demurrer to the bill the plaintiff argues that the demurrer should be sustained for the reason that the bill fails to allege that the estate held by him in the property described in the bill was all of the real estate owned by him.

We do not think that the failure to make such allegation renders the bill bad on demurrer, that such fact must in some manner appear from the record is unquestioned. In the case of *Newlon* v. *Ward,* 43 W. Va. 283, cited by the appellant, this question was raised on exceptions to the commissioner's report, and not upon a demurrer to the bill, and as the appellant in this case raises the question on his exceptions to the commissioner's report, where we think it should properly arise, we will now proceed to pass upon that question, under said exceptions.

In the case cited above, Judge DENT, in delivering the opinion of the court, after discussing the statute prior to 1882, says:

"But now it is a condition precedent to the sale of lands for the satisfaction of judgment liens that the real estate, that is, all the debtor's real estate liable to such judgment liens, will not produce rent suffi-

cient within five years to extinguish such judgment liens and this must affirmatively appear in the pleadings, proofs or other proceedings.''

In this case it clearly appears from the proof that his interest in the house and lot, described in the bill, was all the property the defendant James Godfrey had except his household goods, and the commissioner found in his report that the rents, issues and profits of said property will not pay off the liens against it in five years. We think, therefore, that this exception to the commissioner's report was properly overruled. ·

The defendant James Godfrey filed his answer in the nature of a cross-bill and afterwards, by leave of the court, filed an amended answer. In his answer and cross-bill he admits his interest in the property and alleges that the rents, issues and profits of said estate will satisfy plaintiff's judgment in five years, if given proper credits thereon, and pleads certain credits that should have been allowed on the judgments and certain agreements made between him and his judgment creditors before the judgments were rendered, alleges credits he should have on said judgments, and that one of said judgments has been paid, and that the plaintiff, the First National Bank of Northfork, has no interest in the judgment sued upon, that it is owned by one Chas. Waugh of Galax, Va., and asks for discovery, that the plaintiff, First National Bank of Northfork, be required to discover and affirmatively show all matters and things relative to the ownership of the plaintiff's judgment by said Charles Waugh.

In his amended answer he corrects his answer and cross-bill, by denying any interest in the property alleging "that he caused the said real estate to be conveyed to Jean R. Godfrey, his former wife, now deceased and the mother of his children, James L. Godfrey and Mary Jean Godfrey, who are infants, as a home for them, and that he gave the said property to her as her sole and separate estate, and for the purpose of a home for her and her children, and for the enjoyment and use and possession of said property to her and her children.''

To these answers and cross-bills there were general replica-

tions and replies in writing, and the court referred the cause
to H. M. Tanner, one of the commissioners of the court, who
was directed to take an account of the liens against the
property mentioned in the bill and to take evidence as to the
rental value of the same and report whether or not the rents
from said property would pay off said liens in five years,
and report any such other matters requested of him by any
party to the cause or that said commissioner may deem per-
tinent, requring the notice to be given as provided by law,
etc.    Notice was accordingly given and the report of said
commissioner was filed showing that the defendant was the
owner of a life estate in the property, the liens against same,
and the amounts thereof, that the aggregate of the liens
against the property was $15079.86, and that the rents and
profits of the property would not pay the liens in five years.

After the filing of said report of the commissioner, James
L. Godfrey and Mary Jean Godfrey, by their next friend
James Godfrey, filed their petition in said cause, setting up
that they were the owners of said property and that their
father James Godfrey had no interest therein.   They set up
substantially the same facts as set forth in the defendant,
James Godfrey's amended answer, and allege that their said
mother took the property free from the curtesy of their
father, James Godfrey, and pray that the court decree that
their father has no interest in said property and that their
rights and interests in same be protected, etc.   There were
exceptions to the report of the commissioner by the de-
fendant James Godfrey.   The court below found that the
defendant James Godfrey was the owner of a life estate by
the curtesy in said property and that the rents and profits
of same would not pay off the said liens against it in five
years, overruled said exceptions, and decreed a sale of said
interest in the property.

The defendant James Godfrey assigns as error the ruling
of the lower court in overruling his exceptions to the com-
missioner's report, whereby the commissioner reported that
the defendant held an estate by the curtesy in the property
involved in this case, and he cites several Virginia cases:
*Irvine et als.* v. *Greever*, 32 Grat. 411; *Beecher et als.* v.
*Wilson Burns and Co.*, 84 Va. 819; *Dugger* v. *Dugger*, 84 Va.

144; *Jones* v. *Jones,* 96 Va. 753; *Cox et als.* v. *Wallace,* 219 Federal (Fourth Circuit) 126, and *Hitz* v. *Bank,* 28 U. S. 577.

The Virginia courts seem to hold that there is an implied relinquishment of curtesy in cases similar to this and in *Hitz* v. *Bank,* 28 U. S. 577, the court says that the "Married Woman's Act" of the District of Columbia abolished the estate by the curtesy. In that case, however, the court was passing on curtesy initiate and, under our statute creating a married woman's separate estate, the same rule maintains in reference to curtesy initiate, *Gurnsey* v. *Lazier,* 51 W. Va. 328. In this case it appears that the defendant voluntarily settled upon his wife the property in question, however, on the face of the deed there is no expression which indicated in any manner that Godfrey intended to relinquish his contingent right of curtesy therein. And, whatever might have been decided in the cases above referred to, we find it unnecessary to go further than to cite the case of *Depue* v. *Miller et als.,* 65 W. Va. 120, which holds that:

> "A husband has an estate by the curtesy after the death of his wife, in lands which he has voluntarily settled upon her if he did not in express terms or by plain implication, relinquish such right in the instrument of conveyance."

And in referring to the cases, *Irvine* v. *Greever,* 32 Grat. 411; *Dugger* v. *Dugger,* 84 Va. 144; *Jones* v. *Jones,* 96 Va. 753 (all of which are relied upon by the appellant in his brief), also citing *Sayers* v. *Wall,* 26 Grat. 354, and *Ratliff* v. *Ratliff,* 102 Va. 87; Judge POFFENBARGER, in delivering the opinion of the court, says, on page 126:

> "However, none of these decisions are binding upon us, and they are against the great weight of authority throughout the country. In no other state, so far as we observe, do the courts so hold. There are some decisions, construing deeds and wills, in which the terms used plainly indicate intention to exclude the husband from curtesy, and give effect to such intent (citing a number of cases). But when there are no such terms in the deed from husband to wife or to be a trustee for her separate use, he is not deprived of his curtesy anywhere except in Virginia."
>
> 94 W. Va.

We here re-affirm the decision in *Depue* v. *Miller*.

The infant children of the deceased wife of James Godfrey have no present interest in the curtesy, and the court below did not err in denying said petition. We affirm the decision of the lower court.

*Affirmed.*