## Wytheville.

Spence v. Repass and Others.

June 24, 1897.

Absent: Keith, P., and Buchanan, J.*

1. Fraudulent Conveyances—*Conveyance by husband to wife—Burden on wife.*—In a contest between the wife and creditors of her husband the burden is on the wife to show the *bona fides* of the transaction. This she must do by clear and satisfactory testimony. Merely holding the bond of the husband is not sufficient. She must show that the original transaction out of which the bond grew represented a loan to him, and not a gift.

2. Evidence—*Incompetency of witness—Objections.*—When the incompetency of a witness is known, objection for that cause should be made before examination in chief. It cannot be made after cross-examination.

3. Conveyance by Husband to Wife—*Consideration—Failure to list bonds for taxation.*—Where a wife has surrendered to her husband his bond, in consideration of a conveyance of real estate to her by him, the creditor of the husband cannot object to the sufficiency of the consideration merely because she had not listed the bond for taxation, although she might not have been able to maintain an action on the bond until the tax and penalties had been paid.

4. Liens—*Fieri facias—Tangible personal property—Prior deed of trust—Jurisdiction of equity to enforce.*—An execution creditor whose execution has been returned without levy, has no lien on the tangible personal property of his debtor after the return day of the execution, and hence has no right to insist that a prior deed of trust on the property shall be enforced so as to enable him to subject the surplus, if any. Having no lien, a court of equity has no jurisdiction to administer the trust to ascertain and subject the surplus, if any, at his instance.

Appeal from a decree of the Circuit Court of Smyth county, pronounced April 8, 1896, in a suit in chancery wherein the appellant was the complainant, and the appellees were the defendants.

*Affirmed.*

* Judge Buchanan had been counsel in the Circuit Court.

The opinion states the case.

*C. B. Thomas,* for the appellant.

*B. F. Buchanan, J. H. Gilmore* and *Dickinson & Goodell,* for the appellees.

HARRISON, J., delivered the opinion of the court.

The object of this suit was to set aside two deeds made by George R. Repass, on the 9th day of March, 1894, recorded on the 14th day of July, 1894, and to subject the property conveyed therein to the satisfaction of a judgment in favor of appellant against the grantor, upon the ground that the deeds were made to hinder , delay, and defraud his creditors.   The first deed conveyed to Martha Repass, the wife of George R. Repass, the undivided half interest of the latter in two tracts of land held jointly with his wife; the consideration stated on the face of the deed being $1,250 in hand paid.   The second deed conveyed to E. S. Repass, trustee, live stock, farming implements, and a growing crop of wheat, to secure certain creditors named therein.

The judgment sought to be enforced was obtained September 11, 1894, and docketed September 13, 1894, about two months after the recordation of the deeds attacked.

It appears that in January, 1880, Mrs. Repass and her husband determined upon the purchase of two adjoining tracts of land, one containing forty-seven and one-half acres, at $527.50, and the other containing sixty-one acres, at $1,100.   The deed conveying the first, or smaller, tract was made in January, 1880, and the deed conveying the second, or larger, tract was made September 1, 1880.   It is shown that the husband of Mrs. Repass was poor—worth about $100, which he had, a year before this purchase, invested in a team —and that the land was paid for in cash with the means of the wife; about $1,100 thereof being paid to the vendors by an uncle of Mrs.

Repass in discharge of a bond held by her against him, which represented a settlement of her estate theretofore in his hands as guardian. The residue of the purchase money was paid to the vendors by an aunt of Mrs. Repass, as an advancement to her niece. Mrs. Repass was not present when the deeds to the land were prepared, and on the 1st of September, 1880— the date of the deed to the larger tract—she discovered for the first time that the land in both deeds had been conveyed so as to give her husband a joint and equal interest therein with herself. She promptly objected to this, saying she had paid for the land, and that the deeds should be made to her alone, and demanded that something should be done to protect her rights. Thereupon, in order to avoid the expense of preparing and executing new deeds, she settled the matter by taking her husband's bond for $813.75, dated September 1, 1880, and payable one day after date, with interest from date, as the evidence of money loaned him by her to pay for that half of the land conveyed by the deeds to him.

This bond was held by Mrs. Repass as an evidence of debt against her husband until March 9, 1894, when it was surrendered in consideration of the deed from him of that date conveying her his half interest in the land.

It is well settled that transactions between husband and wife must be closely scrutinized, to see that they are fair and honest, and not mere contrivances resorted to for the purpose of placing the husband's property beyond the reach of his creditors, and that, in a contest between the creditors of a husband and the wife, the burden of proof is upon her to show by clear and satisfactory evidence the *bona fides* of the transaction. In all such cases the presumptions are in favor of the creditors, and not in favor of the title of the wife. *Darden* v. *Ferguson*, 27 S. E. R. 435; *Flynn* v. *Jackson*, 93 Va. 341. Nor is the mere holding of a bond sufficient evidence that at the time the bond purports to have been given it was recognized as a debt, and that both husband and wife intended to occupy the relation

to each other of debtor and creditor.   The burden is upon the wife to show that the original transaction represented a loan by her to the husband, and a contemporaneous promise on his part to pay the debt; otherwise what was originally a gift to aid the husband in business, and used by him as a basis of credit, could subsequently, when he became involved, be converted into a debt to his wife, and thus perpetrate a fraud upon his creditors with the utmost facility and impunity.

These are stringent rules against the wife and in favor of the creditor.   Applying them, however, with their full force to the case at bar, we are of opinion that Mrs. Repass has successfully borne, and fully met, the heavy burden imposed upon her, and has established with clearness and certainty that her purchase was a *bona fide* transaction.

She has shown by conclusive evidence that her money bought the land in question; that the moment she discovered the deeds had been made to her husband jointly with herself she demanded reparation, and, at the same time, as a settlement of the matter, agreed to let him keep the land as conveyed, and required him to execute to her his bond in an amount equal to one-half the purchase money, as the evidence of money loaned him by her to pay for that half of the land conveyed to him. It appears that she took the precaution to have a disinterested witness to prepare this bond and attest the signature of her husband thereto; that she continued to hold the bond as a debt against her husband until it was settled by her purchase of his half of the land.   It further appears that at the time of the purchase nothing had been paid on the bond; and that, with the interest, it amounted to the full value of the land conveyed in consideration thereof.

It is contended that Mrs. Repass was not a competent witness, and that the Circuit Court erred in admitting her testimony.   It is sufficient to say on this point that this witness was examined in chief, elaborately cross-examined, re-examined, and her deposition signed without objection.   When

the incompetency of a witness is known, objection to the competency ought to be made before the examination in chief; at least it cannot be made after cross-examination. *Pillow* v. *Southwest Improvement Co.*, 92 Va. 144.

There is no force in the contention that Mrs. Repass did not give in this bond for taxation, and that she has thereby incurred the penalty of the law, which is that she shall not recover the same until the tax and penalties imposed have been paid. If the government has suffered any wrong by her failure to return the bond, appellant is under no obligation to redress that wrong. It is true the Commonwealth denies her citizens the use of her courts for the enforcement of debts that ought to be and have not been returned for taxation until the tax and penalties imposed have been paid, but Mrs. Repass is not asking the aid of the court for the collection of this bond, but has settled and collected it herself, as already shown.

The contention in the court below that certain improvements put upon the land by the husband should have been ascertained, and the value thereof charged upon the land in favor of appellant, was abandoned at bar, and therefore need not be considered.

As to the deed of trust executed by George R. Repass conveying live stock, farming implements, and a growing crop of wheat to E. S. Repass, trustee, to secure certain creditors named therein, the evidence shows that the debts secured are *bona fide* unsettled obligations of the grantor, which he had the right to secure, and that the charges of fraud made in the bill in regard to the execution of this deed are wholly unsustained.

It is, however, further contended that the court erred in not directing a sale of the personal property embraced in this deed of trust, so that appellant could get the benefit, by reason of his execution lien on the same, of any excess realized from the sale after satisfying the debts named in the deed of trust.

It is not pretended that the execution which was issued on

appellant's judgment was ever levied.    On the contrary, it is alleged in the bill that it was not levied, and would be returned ''No property,'' because the personal property owned by appellant was covered by the deed of trust.    The personal property conveyed in this deed belongs to the class or species of property capable of being levied on, and sec. 3587 of the Code of 1887 provides that the lien of a writ of *fieri facias,* on what is capable of being levied, but is not levied on, under the writ, on or before the return day thereof, shall cease.    No levy having been made on or before the return day of this execution, appellant had no lien by virtue thereof on the personal property conveyed in the deed of trust, and hence the court had no jurisdiction to enforce payment of appellant's judgment by administering the trust created by the deed in question.

For these reasons, we are of opinion that there is no error in the decree complained of, and it must be affirmed.

*Affirmed.*