103  263;
105  492|
105  631|

# Richmond.

## KLINE v. KLINE'S CREDITORS.

### November 23, 1904.

1. FRAUDULENT CONVEYANCES—*Husband and Wife—Presumptions.*—Pecuniary transactions between husband and wife are to be closely scrutinized in order to ascertain if they are fair and honest, and, in a contest between the wife and the creditors of her husband, the burden is on the wife to show by clear and satisfactory evidence the good faith of the transaction. The presumption is in favor of the creditors, and not in favor of the wife's title. The mere holding by the wife of the husband's bond is not sufficient evidence that the relation of debtor and creditor was established between them at the time the bond bears date. In this case the evidence falls short of these requirements.

2. PAROL TRUST IN LANDS—*Evidence.*—If a trust in real estate can be established by parol, the declaration should be unequivocal and explicit, and the evidence clear and convincing.

Appeal from a decree pronounced by the Circuit Court of Rockingham county, in a suit in chancery, wherein the appellee, J. S. Ramsburg, suing on behalf of himself and other creditors of C. G. Kline, was the complainant, and the said C. G. Kline and another were the defendants, to which suit the appellant was, on her petition, admitted as a party defendant.

*Affirmed.*

The opinion states the case.

*John E. Roller*, for the appellant.

*Sipe & Harris* and *Conrad & Conrad,* for the appellee.

HARRISON, J., delivered the opinion of the court.

The bill in this cause was filed by J. S. Ramsburg, a large judgment creditor, on behalf of himself and all other lien creditors of C. G. Kline, to subject to the satisfaction of their liens a tract of land owned by the defendant, containing seventy-seven acres.

It appears from the record that the land in question was sold and conveyed to the defendant, C. G. Kline, by his father, Samuel Kline, in June, 1879. Seven hundred dollars was paid by the purchaser in cash, and a number of bonds executed by him to the vendor for the residue, to secure which a vendor's lien was reserved on the face of the conveyance. It further appears that C. G. Kline executed, in February, 1895, a deed of trust upon this land to secure Ober & Sons Company a debt of $1,600.00, and that this debt, together with a number of judgment liens, aggregate an indebtedness far in excess of the estimated value of the land.

On motion of Catherine M. Kline, the wife of the defendant, C. G. Kline, she was admitted as a party defendant, and allowed to file an answer, which was subsequently treated as a cross bill. This answer and cross bill alleges that the cash payment and a number of the deferred payments for the land in question were made with money that arose from the sale of the maiden lands of respondent, and that this use of her means was with the distinct understanding that to the extent of the cash payment it was to be invested in the land and secured to her, and that, to the extent to which her money was used to meet the deferred payments, it was to be secured to her by the vendor's lien. The position taken by respondent is, in brief, that in pursuance of the alleged parol agreement between her hus-

band and herself, she is to be now adjudged a prior lienor upon the land in controversy, to the extent that the proceeds of her maiden land can be shown to have entered into the purchase.

G. Ober & Sons Co., the deed of trust creditor, and J. S. Ramsburg, the complainant in the original bill, answer the cross bill and vigorously deny its material allegations. They emphatically deny the allegation, that at the time of the purchase by their debtor from Samuel Kline there was a valid agreement entered into by which the relation of debtor and creditor was established between C. G. Kline and his wife, and by which she was to be secured upon the land. They insist that the alleged agreement is a mere afterthought and device on the part of Catherine M. Kline and her husband to prevent respondents from the collection of the debts justly due them.

It is well settled that transactions between husband and wife must be closely scrutinized, to see that they are fair and honest, and not mere contrivances resorted to for the purpose of placing the husband's property beyond the reach of his creditors, and that in a contest between the creditors of a husband and the wife, the burden of proof is upon her to show by clear and satisfactory evidence the *bona fides* of the transaction. In all such cases, the presumptions are in favor of the creditors, and not in favor of the title of the wife. The mere holding of a bond is not sufficient evidence that at the time the bond purports to have been given it was recognized as a debt, and that both husband and wife intended to occupy the relation to each other of debtor and creditor. The burden is upon the wife to show that the original transaction represented a loan by her to the husband, and a contemporaneous promise on his part to pay the debt; otherwise what was originally a gift to aid the husband in business, and used by him as a basis of credit, could, subsequently, when he became involved, be converted into a

debt to his wife, and thus perpetrate a fraud upon his creditors with the utmost facility and impunity. *Spence* v. *Repass*, 94 Va. 716, 27 S. E. 583.

We are of opinion that the evidence in the case at bar falls far short of establishing the claim of appellant with the degree of certainty that is required in such cases. On the contrary, it tends strongly to show that, to whatever extent the wife's money was used in paying for the land, it was the ordinary case of a husband collecting and using his wife's money with her knowledge and consent. If the alleged agreement, that the wife's money was to be secured on the land, or in the vendor's lien bonds, were established, it is perfectly clear from the record that no such agreement was carried out, and that the wife knew it had not been carried out. The deed to the land in question was made at the time of the purchase directly to the husband, the cash payment was made by him, and the bonds for the deferred payments were taken up by him and marked in his own handwriting as paid in full, and deposited in his secretary or bureau. Not one of these bonds was transferred to the wife or endorsed in any way indicating that they were to be for her benefit, nor were they ever delivered to her. No deed of trust or other security was ever given the wife, and no act done by any one toward carrying out the alleged agreement. Appellant admits that she saw the bonds after they were taken up, and saw that they had been endorsed paid, and yet in all the years from the date of the purchase in 1879 until the institution of this suit in 1896 the wife does not assert any claim against her husband, nor make any mention of the agreement now set up, that she was to have an interest in these bonds or be secured in any way thereby. Not until her husband had become overwhelmed with debt, reduced to liens binding the land, and for the satisfaction of which the land was about to

be sold, does the wife come forward to set up the secret trust now asserted by her. The vendor's lien had not been marked satisfied on the record, but before their debts were contracted the appellees enquired of the husband as to his title, and were assured by him that he was the fee simple owner of the land, and that it was free from encumbrance.

There is other evidence in the record tending to show the lack of merit in the claim of appellant, as against her husband's creditors, either to be subrogated to the lien of the vendor, or to have a trust declared in her favor as a preferred creditor, but it is not necessary to prolong this opinion by reviewing it further. If such a trust as appellant insists should be established in her favor could be created by parol, the declaration should be unequivocal and explicit, and established by clear and convincing testimony. *Jesser* v. *Armentrout*, 100 Va. 674, 42 S. E. 681. To subrogate the appellant to the rights of the vendor, or to recognize as a valid and subsisting right the parol trust she now seeks to establish, upon the evidence adduced, would be destructive of the rights of innocent third parties, which have intervened, not only without notice of the secret parol trust now asserted by the wife, but in the face of the positive assurance of the husband that the land was his and free from all encumbrance.

The decree complained of is plainly right and must be affirmed.

*Affirmed.*