𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

SLEDGE & BARKLEY AND OTHERS V. REED AND OTHERS.

March 9, 1911.

1. FRAUD—*Conveyance from Husband to Wife—Presumption—Burden of Proof—Evidence of Debt—Account.*—In a contest between the creditors of a husband and the wife over the validity of a deed from the husband to secure an alleged debt to his wife, the burden is on the wife to show by clear and satisfactory evidence the *bona fides* of the transaction. The presumptions are in favor of the creditors, and not in favor of the title of the wife. The mere fact that the wife holds an evidence of indebtedness of her husband · is not sufficient evidence that, at the time it purports to have been given, it was recognized as a debt and that they intended to occupy the relation towards each other of debtor and creditor. The burden upon this point is also upon the wife. Although the wife may have been engaged in business and kept a regular set of books, an account thereon against her husband, even if the books were admissible in evidence (a point not decided) is not sufficient to show a loan from the wife to the husband, and that there was a contemporaneous promise on his part to pay the debt.

Appeal from a decree of the Circuit Court of Brunswick county. Decree for defendants. Complainants appeal.

*Reversed.*

The opinion states the case.

*E. H. Turnbull, Jr.,* and *E. P. Buford,* for the appellants.

*Leo H. Yarrell* and *W. Samuel Goodwyn,* for the appellees.

HARRISON, J., delivered the opinion of the court.

The bill in this cause was filed by creditors of John H. Reed for the purpose of having set aside a deed made by the defendant to his wife, on the ground that it was exe-

cuted with the intent to hinder, delay and defraud his creditors.

The record shows that in the fall of 1903 the defendant disposed of his personal property, except a small portion which was seized by his creditors under attachment proceedings, and afterwards, by deed dated October 16, 1903, conveyed to his wife, Ina H. Reed, all of his interests in real estate, the consideration stated on the face of the deed being $700. This deed was recorded October 19, 1903, and in less than four months thereafter the defendant filed his voluntary petition in bankruptcy and was adjudged a bankrupt.

It is well settled that transactions between husband and wife must be closely scrutinized to see that they are fair and honest and not mere contrivances resorted to for the purpose of placing the husband's property beyond the reach of his creditors; and that in a contest between the creditors of a husband and the wife, the burden of proof is upon her to show by clear and satisfactory evidence the *bona fides* of the transaction. In all such cases, the presumptions are in favor of the creditors, and not in favor of the title of the wife. The mere holding of a bond is not sufficient evidence that at the time the bond purports to have been given it was recognized as a debt, and that both husband and wife intended to occupy the relation to each other of debtor and creditor. The burden is upon the wife to show that the original transaction represented a loan by her to the husband, and a contemporaneous promise on his part to pay the debt; otherwise, what was originally a gift to aid the husband in business, and used by him as a basis of credit, could subsequently, when he became involved, be converted into a debt to his wife, and thus perpetrate a fraud upon his creditors with the utmost facility and impunity. *Klein* v. *Klein*, 103 Va. 263, 48 S. E. 882; *Spence* v. *Repass*, 94 Va. 716, 27 S. E. 583.

The record shows that the wife was a practicing physi-

cian in the country, and that she also conducted a small mercantile business, while the husband was engaged in farming. It appears that the wife kept books of account, in which she had an account against her husband, consisting of items of cash charged to him at different times, and sundry other charges, such as cow, horse, mule, sow and pigs, buggy and harness, etc. This account of the wife against the husband was the basis of the alleged consideration of $700 stated on the face of the deed from her husband, which is now assailed by the husband's creditors. The books containing the account were, over the objection of the appellants, introduced in evidence for the purpose of establishing the wife's claim that the purchase of the real estate by her from her husband was *bona fide,* and that a valuable consideration was paid for it.

Without passing upon the question, whether or not these books of account were admissible in evidence, it is sufficient to say, that with the aid of the books the wife has wholly failed to establish her claim as required in such cases. There is no evidence to show that the original transactions, out of which the several items of this account grew, represented a loan by her to the husband, and that there was a contemporaneous promise on his part to pay the debt. The burden is upon the wife to show that, with respect to the items of the account asserted by her, both she and her husband intended to occupy the relation to each other of debtor and creditor.

In the light of these well-settled principles, which cannot be too consistently and firmly adhered to in this class of cases, it is clear, from the record, that the deed of October 16, 1903, from John H. Reed to his wife, Ina H. Reed, must be set aside as in fraud of the rights of the appellants.

The decree complained of must be reversed, and the cause remanded for further proceedings in accordance with the views expressed in this opinion.

*Reversed.*