# Wytheville

BRUNSWICK BANK AND TRUST COMPANY AND NORMA A. VALENTINE V. T. H. VALENTINE AND OTHERS.

June 16, 1932.

Present, Campbell, C. J., and Epes, Hudgins, Gregory and Chinn, JJ.

The opinion states the case.

*E. Morris Abernathy,* for the appellants.

L. J. *Hammack,* A. S. *Harrison, Jr.,* and E. P. *Barrow,* for the appellees.

CAMPBELL, C. J., delivered the opinion of the court.

The appellant, Brunswick Bank and Trust Company, a corporation, at the first July Rules, 1929, brought suit to obtain a judgment against T. H. Valentine in the principal sum of $4,175.00, and to set aside as volunatary and fraudulent a deed of trust executed by Valentine to secure his wife, Mrs. Mattie D. Valentine, in the sum of $6,000.00, and to subject the lands of the debtor to the payment of its debts.

Norma A. Valentine, a creditor to T. H. Valentine, became a party to the litigation by petition, on the 16th day of May, 1930, and adopted the allegations of the bill of complaint in regard to the alleged fraudulent and voluntary conveyances of the property by T. H. Valentine, sought to be subjected for the payment of her debt.

The defendants, T. H. Valentine, Mattie D. Valentine and E. P. Barrow, trustee, on the 30th day of October, 1930, tendered their joint and separate answer to the bill of complaint. The bank objected to the filing of the answer on the ground that the offer to file came too late and was in contravention of section 6122 of the Code. The court permitted the answer to be filed, and this action is assigned as error. In view of our ultimate conclusion, it becomes unnecessary to discuss this assignment.

The answer admitted that T. H. Valentine was indebted to appellants in the respective sums set forth in the bill of complaint and in the petition. It was also admitted that the execution of the deed of trust to Barrow, trustee, on the 13th day of June, 1929, was in lieu of and superseded an invalid deed of trust executed on the 6th day of April, 1929, attempting to secure the alleged debt of Mrs. Valen-

tine. Denying that the deed of trust was voluntary or fraudulent, the answer further alleged:

"These respondents further allege and aver that the specific cause and consideration for the deed of trust of June 13, 1929, as aforesaid, are as follows:

"That in the year 1903, respondent, T. H. Valentine, was married to Mattie D. Valentine, *nee* Mattie D. Moseley, who was a daughter of the late Samuel Moseley of Brunswick county, Virginia;

"That, in the year 1903, the estate of Samuel Moseley was settled according to law, and that the said Mattie D. Valentine, *nee* Mattie D. Moseley, received as a legacy from the estate of her said father the sum of $1,211.89; that immediately thereafter, respondent, T. H. Valentine, and respondent, Mattie D. Valentine, purchased from the late W. H. Valentine, the father of respondent, T. H. Valentine, a farm situate in Gaston township, Northampton county, North Carolina, containing 240 acres, more or less; that the consideration paid for said farm was $2,000.00, $1,200.00 of which was paid in cash by the said Mattie D. Valentine from the proceeds of the legacy from her father's estate, as aforesaid; that the residue of $800.00 was evidenced by four certain promissory negotiable notes executed by T. H. Valentine, payable to W. H. Valentine, in one, two, three and four years from date, respectively, with six per cent interest from date, which said notes were thereafter paid and discharged by the said T. H. Valentine;

"That, at the time of the purchase of the farm, as aforesaid, it was distinctly and thoroughly agreed and understood by and between the said T. H. Valentine and Mattie D. Valentine that they should own an interest in the farm in accordance with the respective amounts of the purchase price which each had paid thereon, that is to say, T. H. Valentine was to have, own and hold a two-fifths undivided interest in the same, and the said Mattie D. Valentine was

to have, own and hold a three-fifths undivided interest in the same, but the deed to the property was executed to T. H. Valentine;

"These respondents further allege and aver that about the year 1915 they sold the timber on the aforesaid parcel of land for the sum of $5,000.00, and that the proceeds from the said sale were paid over to the said T. H. Valentine, with the understanding and agreement that he would account to the said Mattie D. Valentine for her interest in the same;

"That, in the year 1920, the said T. H. Valentine and Mattie D. Valentine sold the farm, as aforesaid, containing 240 acres, situate in Gaston township, Northampton county, North Carolina, to one Dallas R. Allen, for the sum of $11,000.00, which was paid in cash; that at the time of the last sale, as aforesaid, the said Mattie D. Valentine loaned her interest in the proceeds from the said sale to T. H. Valentine, and that the said T. H. Valentine thereupon invested the same in the partnership of Valentine Motor Company, a garage business in the town of Lawrenceville, which was, at that time, being conducted by W. B. Valentine, H. E. Valentine and T. H. Valentine; that the said T. H. Valentine thereupon promised and agreed with the said Mattie D. Valentine that he would obtain a deed of trust on all of the property owned by the Valentine Motor Company for the purpose of securing to the said Mattie D. Valentine the payment of her interest in the $11,000.00, as aforesaid, but that the said T. H. Valentine neglected and failed from time to time to do so, and in fact has never obtained for the said Mattie D. Valentine a deed of trust or any form of security for the money, as aforesaid;

"These respondents further allege and aver that the said T. H. Valentine is indebted to Mattie D. Valentine, as will be seen from the foregoing, in an amount greatly in excess of the sum of $6,000.00, but that the deed of trust on June

13, 1929, was only executed for the amount of $6,000.00, as it was agreed and determined that the property covered by the said deed of trust was not worth an amount in excess of $6,000.00."

The deposition of T. H. Valentine was duly taken in an effort to support the averments of the answer.

The trial court, in a written opinion, came to this conclusion:

"The history of this estate is disclosed by the testimony, and finally, after some mutations and considerable increments upon a rising market for land and timber, is identified with the deposits, aggregating $11,000.00, made by him in the First National Bank of Lawrenceville, Virginia, on December 16, 1922, and February 6, 1923. The sale of the freehold and the sale of the timber had produced a considerable profit to her and her husband, as the joint owners. I am of opinion that the course of this fund has been traced with all necessary strictness, had it been necessary to identify it in order to impress it with a specific trust in her favor."

Accordingly, a decree was entered, adjudging the deed of trust valid and dismissing the bill of complaint.

▮▮ In our opinion, there has been a misconception of the issue in the case. If we concede, for the sake of the argument, that the North Carolina land was impressed with a trust in favor of Mrs. Valentine, that fact does not throw any light on the merits of this controversy. There is not the slightest intimation, either in the answer of appellees or in the evidence, that they were relying on a resulting trust in favor of Mrs. Valentine to defeat the claims of appellants. That the alleged consideration for the deed of trust is the indebtedness of the husband to the wife is manifest. In the admittedly invalid deed of trust dated April 6, 1929, this language is employed:

"In trust to secure to the holder thereof, the payment of that certain negotiable, promissory, homestead waiver

note of even date herewith, made by the said T. H. Valentine, payable to the order of Mattie D. Valentine * * *. The said note represents money borrowed by the said T. H. Valentine from the said Mattie D. Valentine."

In the second deed of trust, dated June 13, 1929, the above quoted language is used.

In the answer the sole defense relied upon is the indebtedness of T. H. Valentine to his wife, and this language is used:

"That in the year 1920, the said T. H. Valentine and Mattie D. Valentine sold the farm, as aforesaid, * * * for the sum of $11,000.00, which was paid in cash; that, at the time of the last sale, as aforesaid, the said Mattie D. Valentine loaned her interest in the proceeds from the said sale to T. H. Valentine * * *."

In the testimony of T. H. Valentine it is observed that he repeatedly states that the execution of the deed of trust was to secure a debt owing to his wife.

In *DeBaun's Ex'r* v. *DeBaun*, 119 Va. 85, 89 S. E. 239, it is held that where a wife, having the legal title to money, lends it to her husband, the relationship of the parties to the transaction is that of creditor and debtor and not of *cestui que trust* and trustee.

The further significant fact that the deed of trust was drawn by a lawyer who was named as a trustee, and who, no doubt, was conversant with the dealings between the husband and wife from their inception, shows a full reliance upon the alleged relationship of creditor and debtor. If Mrs. Valentine was relying on the recovery of money impressed with a trust, what reason was there for the execution of the deed of trust? To ask the question is to answer it.

The question of an implied, constructive or resulting trust being thus eliminated, the sole question involved is: Was T. H. Valentine indebted to Mattie D. Valentine at the date of the execution of the deed of trust? Of course, it follows, as contended by appellants, that if no indebtedness

was created, there was a gift by Mrs. Valentine to her husband of her interest in the proceeds of the sale of the farm. The rule of law applicable is well settled.

In *Robinson* v. *Bass' Adm'r*, 100 Va. 193, 40 S. E. 660, it is said: "The rules governing in testing the *bona fides* of a transaction between husband and wife are well settled, and are concisely stated in *Spence* v. *Repass, supra* (94 Va. 716, 27 S. E. 583). They are, that transactions between husband and wife must be closely scrutinized, to see that they are fair and honest and not mere contrivances resorted to for the purpose of placing the husband's property beyond the reach of his creditors; that in a contest between the creditors of a husband and wife, the burden of proof is upon her to show by clear and satisfactory evidence the *bona fides* of the transaction, and in all such cases the presumption is in favor of the creditors, and not in favor of the title of the wife. And the opinion further says: 'Nor is the holding of a bond sufficient evidence that at the time the bond purports to have been given it was recognized as a debt, and that both husband and wife intended to occupy the relation to each other of debtor and creditor. The burden is upon the wife to show that the original transaction represented a loan by her to the husband, and a contemporaneous promise on his part to pay the debt, otherwise, what was originally a gift to the husband in business, and used by him as a basis of credit, could subsequently, when he became involved, be converted into a debt to his wife, and thus perpetrate a fraud upon his creditors with the utmost facility and immunity.' "

Have the appellees borne the burden of proof? We think not. It clearly appears that the deed of trust was not executed until after judgment was obtained by Norma A. Valentine. The bill of complaint was filed at the first July Rules, 1929. The petition of Mrs. Norma A. Valentine was filed in court on the 17th day of September,

1929. The answer of appellees was not filed until the 20th day of October, 1930. Depositions in support of the averments of the answer were begun on the 29th day of January, 1931. The only witness who deposed as to the creation of the indebtedness was T. H. Valentine. His account of the transaction falls far short of being "clear and satisfactory." There is not a corroborative fact or circumstance appearing in the record that the original transaction represented a loan by the wife to the husband, or that there was a contemporaneous promise on his part to pay the debt. The only real effort toward securing the alleged loan was the execution of the deed of trust, which occurred nine years afterwards, and that, too, after a statement made by T. H. Valentine that he considered the claim of Norma A. Valentine unjust, and that he would "take" the bankrupt law to defeat the debt.

On the other hand, the facts and circumstances displayed by the pleadings and the written evidence clearly indicate that the wife never intended the creation of a debt. In this age of the emancipated woman, the wife is afforded the same opportunity to protect her property rights as the husband is, and where money belonging to the wife is delivered to the husband and used by him in his business as a source of credit, without any earmarks whatsoever, the presumption of law is that it was intended as a gift and not as a loan, and the mere parol testimony of the insolvent husband that the transaction was intended as a loan will not, as against creditors, rebut the presumption of a gift. See *Davis* v. *Southern Dist. Co.*, 148 Va. 779, 139 S. E. 495; *Humes* v. *Scruggs*, 94 U. S. 27, 24 L. Ed. 51.

The decree complained of will, therefore, be reversed, and the cause remanded for further proceedings to be had in conformity with the views herein expressed.

*Reversed and remanded.*