## Richmond.

WITZ, BIEDLER & CO. AND ALS. V. OSBURN AND WIFE.

APRIL 21st, 1887.

1. *Appeals—Jurisdiction—Inseverable claims* —Where the claims of all the appellants but one are below the appellate jurisdiction, but the questions as to all are identical, and their interests inseverable, this court will retain the appeal for all.

2. *Post-nuptial settlements—Witnesses—Husband and wife.*—In suit to annul such settlements as voluntary, husband and wife are incompetent to testify, no matter by which party introduced.

3. IDEM— *Voluntary—Fraud—Creditors— Purchasers.*—Voluntary deeds, &c., are void as to existing, but not as to subsequent creditors unless actually fraudulent. Code 1873, ch. 114, §§ 1 and 2.

4. IDEM—*Fraud—Proof—Case at bar.*—Evidence of fraud must be sufficient to satisfy the conscience of the court, but may be, and generally must be, circumstantial. In the case at bar here there is not only no proof of a consideration for the post-nuptial settlements, but it appears from the evidence that there was fraudulent intent through the whole transaction, and the deeds are void as to both existing and subsequent creditors.

Appeal from decree of circuit court of Loudoun county, rendered January 31st, 1884, in the cause of Witz, Biedler & Co., and others, complainants, against W. C. Osburn and Martha, his wife, defendants. The decree being adverse to the complainants, they appealed to this court. Opinion states the case.

*Payne & Alexander,* for the appellants.

*C. L. Pollock* and *Joseph Christian,* for the appellees.

LACY, J., delivered the opinion of the court.

The bill was filed under section 2, ch. 75, of the Code, to set aside two deeds made by the appellee, Osburn, respectively, on the eighth of September and ninth of December, 1881, as fraudulent and void. On the eighth day of December, 1881, W. C. Osburn executed the first deed assailed as fraudulent, conveying a house and lot in the village of Snickersville to a trustee in trust to secure the payment of said Osburn's note, dated and executed June 2, 1875, for the sum of $6,000, payable January 1, 1876, to his wife, Martha, in pursuance of an alleged agreement, made between them prior to their marriage, that he would settle upon his said wife, for her separate use, free from his marital rights, a material portion of his estate. The marriage took place May 29, 1875, and the alleged execution of the bond was three days after the marriage. The conveyance of December, 1881, conveyed all of his personal property to secure certain debts alleged to be due by the grantor. The creditors attacking these deeds contend that the first deed for the benefit of the wife was post-nuptial, and made with fraudulent intent, and is tainted with actual fraud, and is therefore void as to their debts, though subsequently contracted; that the second deed is proved to be actually fraudulent, a large debt therein being admitted to have no existence by the alleged creditor. Upon the proofs in the case the circuit court held the first deed, of September 8, 1881, to have been executed on a sufficient consideration and without fraud, and to be a good and valid deed, binding on the creditors of the grantor, and all other persons; that the second deed, of December 9, 1881, was void as to the fraudulent debt, but good in all other respects. From this decree the appellants appealed.

The first question raised here is as to the jurisdiction of the court as to all of the appellants but one, their debts

being under the jurisdictional amount prescribed for this court, and the appellees move to dismiss the appeal as to all the appellants but one, the appellants Witz, Biedler & Co. The amount in controversy involved in this appeal being above the jurisdictional amount as to one of the appellants, the question is properly before this court as to that one; and, the questions as to all others being identical, the question, being decided as to one, will involve the validity of the decree in all respects. The interests are such that they could not be severed in any court where they are considered, and the decision here, as to the rights of one, will conclude the rights of all in like condition, and the motion will be overruled.

There is no legal proof in the record of any ante-nuptial agreement to a settlement on the wife. There is no statement concerning it, except the statements of husband and wife, and they are not competent to prove it. That the deposition of the husband was taken by a creditor will not change this state of the evidence, he being an incompetent witness.

The deed of September 8, 1881, is therefore a post-nuptial settlement on the wife, voluntary, and therefore fraudulent and void as to existing debts, but not as to subsequent debts, unless actually fraudulent. If tainted with actual fraud, it is void also as to subsequent debts. Code, ch. 114, §§ 1, 2; *Fink* v. *Denny*, 75 Va. 663; *Blow* v. *Maynard*, 2 Leigh, 29; *Hatcher* v. *Crews*, 78 Va. 460; *Perry* v. *Ruby*, 81 Va. 317.

The grantor in this deed of September 8, 1881, making a voluntary settlement upon his wife, was, at the time of the conveyance, indebted to a considerable degree. It is admitted by the learned counsel for some of the secured creditors in the second deed that, at the time the settlement was made, he owed $1,128.53. The settlement was for $6,000. This amount was far more than enough to

cover his entire estate, and he quickly afterwards became utterly insolvent. The circumstances surrounding this transaction point unerringly to actual fraud. The alleged bond had been executed seven years before, if at all, and it had been kept a profound secret between husband and wife until some necessity called for this conveyance. This necessity was doubtless his impending insolvency. If the bond was really executed in 1875, of which there is no proof except itself, it was given by a husband to his wife for an amount greatly in excess of the value of all his property. Fraudulent intent is clearly manifested throughout the transaction, and the deed is void both as to creditors whose debts were then and were subsequently contracted. *Moore* v. *Ullman,* 80 Va. 307.

The deed of December 9, 1881, is confessedly fraudulent as to one large debt of $3,000, admitted to have no existence. This amount was greater than the value of all the property conveyed, and upon execution of the trust by the trustee, after payment of the debts secured, the residue was payable to the grantor. This deed being tainted with actual fraud, being made with intent to hinder, delay, and defraud creditors, is void as to creditors, whether such at the time of its execution, or becoming so subsequently, except as to valid debts secured thereby, the owners of which had no notice of the fraud of the grantor. Such creditors must be regarded in the light of purchasers for value, and will be protected as to their debts; but as to all others the deed is fraudulent and void. Code, ch. 114, § 1; *Evans* v. *Greenhow,* 15 Gratt. 153.

" A pre-existing debt is in itself a valuable consideration for a deed of trust executed for its security, which deed, if it be duly recorded, and was not executed with fraudulent intent, known to the trustee or the beneficiaries therein, will be valid," etc. Opinion of Moncure, J., in last-named case.

There was no error in the decree of the circuit court in upholding this deed as to creditors secured therein, to whom no participation in the fraud is imputed or proved, but the circuit court did err in sustaining the validity of the deed of September, 1881; and for that cause the said decree will be reversed, and the cause remanded for further proceedings to be had therein, to subject the property conveyed therein to the satisfaction of the debts of the grantor.

DECREE REVERSED.