Statement.

## Richmond.

### SMITH v. SMITH'S ADMINISTRATOR.

#### MARCH 19, 1896.

1. CHANCERY PRACTICE—*Bill of Discovery—Discovery of Assets of a De-cedent's Estate—Parties—Adequate Remedy at Law.*—A bill of discovery is the proper remedy to be pursued by the administrator of an estate against a defendant who has in his possession choses in action and other personal estate of the decedent, the amounts, dates, and character of which are unknown to the complainant, and which the defendant refuses to disclose; and in such suit the distributees of the decedent are neither necessary nor proper parties. There is no adequate remedy at law.

2. CHANCERY PRACTICE—*Bill of Discovery—Complete Relief—Effect of Answer.*—Upon a bill for discovery, the court, being in possession of the cause, may retain it and make an end of it. The answer to such bill, as to matters discovered by it in response to the prayer of the bill, is conclusive on the complainant, but as to the other matters responsive to the bill is only entitled to the same weight as evidence as if the bill had been for relief as well as discovery, that is, it can only be overcome by the evidence of two witnesses, or one witness and corroborating circumstances, or by circumstances alone equal to one witness and corroborating circumstances, or by documentary evidence alone.

3. GIFTS MORTIS CAUSA—*Evidence to Support.*—In cases of alleged gifts *mortis causa* the evidence should be carefully scrutinized, the proof clear and convincing, and the judgment of the court fully satisfied. In the case at bar the alleged gift is not thus supported.

Appeal from a decree of the Circuit Court of Madison county, pronounced at September term, 1893, in a suit in chancery, wherein the appellee was the complainant, and the appellant was the defendant.

*Affirmed.*

The opinion states the case.

*Rixey & Barbour, James Hay,* and *T. C. Gordon,* for appellant.

*J. L. Jeffries* and *F. M. & C. H. McMullan,* for appellee.

BUCHANAN, J., delivered the opinion of the court.

The appellee filed his bill in the Circuit Court of Madison county for the purpose of compelling the appellant to discover the amounts, dates, and character of certain choses in action and the character of certain personal property which the latter claimed had been given him *causa mortis* by Joel Smith, the intestate of the appellee. The appellee denied that such gift had been made; alleged that the appellant was in possession of the property, but that he refused to give him any such description of it as would enable him to recover it in an action at law; asked for the appointment of a receiver to take charge of the property pending the litigation; that the appellant be restrained from collecting the debts due his decedent's estate, and prayed that he should be required to answer under oath what property he had in his possession, or under his control, which he claimed as a gift *causa mortis,* and to disclose the dates and amounts of the choses in action and the names of the parties from whom they were due.

The bill was demurred to upon two grounds—one that the appellant had an adequate remedy at law, and the other that the distributees of Joel Smith, deceased, were necessary parties.

The bill alleges a state of facts which shows that the complainant had no adequate remedy at law. No action at law could be brought to recover the choses in action without some knowledge of the amount, date, or character of each, or from

whom due, and this information it is alleged the appellant refused to give. Discovery from him was therefore necessary.

The object of the bill was not to administer the estate of Joel Smith, but for a discovery of certain facts, so that the complainant could get possession and control of that portion of it which was in the possession of and claimed by the appellant. To such suit the distributees of Joel Smith were neither necessary nor proper parties.

The demurrer upon both grounds was properly overruled.

Although the only ground of equity jurisdiction alleged in the bill was the necessity for a discovery from the defendant, the court, being in possession of the cause, had the right to retain and make an end of it, and not turn the parties over to another forum, so as to produce circuity of action and expense. Where the court of equity does retain such a cause and proceeds to give the proper relief, it acts as a substitute for the court of law, and gives the same effect to the answer as would be given to it in that court, with this difference, however, it would seem, that in the court of equity, the only ground of jurisdiction being the necessity for a discovery, the complainant cannot contradict the answer, as to the matter discovered by it in response to the prayer of the bill, by other evidence, as he would thereby prove himself out of court. 2 Tucker's Com. 503; *Fant* v. *Miller*, 17 Gratt. 187; *Thompson* v. *Clark*, 81 Va. 422. The answer of the defendant in such a cause, in so far as it is responsive to the other allegations of the bill as to which no discovery is asked, is entitled to the same weight as evidence in his favor as if the bill had been filed for relief as well as discovery.

The competency of Dr. Smith as a witness was objected to when his deposition was taken, and that objection is relied upon here.

Whether that objection was well taken, or was waived by the subsequent conduct of the appellee, as is claimed, it is not

necessary to decide. If he were a competent witness, his deposition could only receive that consideration which the evidence of a deeply interested witness was entitled to, whilst his answer, being responsive to the allegations of the bill which denied the gift, could only be overcome by the evidence of two witnesses, or one witness and corroborating circumstances, or by circumstances alone equal to one witness and corroborating circumstances, or by documentary evidence alone. *Jones* v. *Abraham,* 75 Va. 466 ; *Thompson* v. *Clark,* 81 Va. 422, 428. His deposition could not strengthen his answer, and it was immaterial whether it was read or not.

Upon the hearing of the cause the Circuit Court held that the evidence was not sufficient to show that the property in controversy had been given *causa mortis* to the appellant, and decreed that it, or its proceeds, which were then in the hands of a receiver, should be turned over to the appellee.

The circumstances under which the gift is stated to have been made are very suspicious. The alleged donor was in a dying condition, suffering great bodily pain, at times delirious, and, in the opinion of a number of the witnesses, not in a condition to make a will (though an equal or greater number, perhaps, thought he was competent to do so).

The only witnesses to the gift were the appellant and one other, both the debtors of the decedent. The debt due from the latter, according to the evidence of both, was not to be collected. They differ somewhat as to the time the gift was made, one fixing it at between two and three o'clock, and the other at four o'clock, in the evening of the day the decedent died. From one o'clock that evening until his death there were from four to eight neighbors in or about the house in which he died, usually two or three in his room and the others in an adjoining room—separated only by a thin partition—through which his breathing could be heard, and into which there was a door which generally remained opened. Not-

withstanding the presence of other persons about the house and in the adjoining room, it is claimed that the alleged donor had the appellant called in, the doors closed, and then gave the choses in action and the keys of his trunk to appellant. There is evidence tending to show that both the appellant and the other witness made statements about the gift different from those made under oath, and it is admitted that the appellant made no claim to the watch and other property found in the trunk until some time after he asserted his claim to the choses in action. Why other persons were not called in to witness the gift is not explained. None of the relations of the decedent were with him during his last illness, which lasted less than two days, and there is evidence tending to show that he was not on good terms with them, though this is contradicted. Some witnesses testified that the decedent had said, prior to his last sickness, that he intended to give his property to the appellant and his wife, with whom he resided.

Enough has been said to show the character of the evidence relied on to establish the gift, and the circumstances under which it is alleged to have been made.

In cases of this kind there is so much room for fraud and mistake that the evidence should be carefully scrutinized, the proof clear and convincing, and the judgment of the court fully satisfied. 3 Pom. Eq. Jur., sec. 1146.

In the opinion of the Circuit Court the proof was not sufficient to establish the gift with that clearness and certainty which the law requires, and it so decreed. This decree is presumed to be right, and the party appealing must show error. It is not sufficient for the appellate court to doubt the correctness of the decision ; it must be satisfied, in order to reverse, that there is error. *Shipman* v. *Fletcher*, 91 Va. 473, and cases cited.

We would have been better satisfied if there had been an

issue out of chancery, and the question of fact submitted to and found by a jury; but, as neither party asked it and the court below did not deem it necessary, we do not think we ought to reverse the decree appealed from and direct such issue now, as the appellant asks.

Upon the whole case, we are of opinion that the decree of the Circuit Court should be affirmed.

*Affirmed.*