DARDEN *et al.*

*v.*

FERGUSON *et al.*

*(Supreme Court of Appeals of Virginia, April 8, 1897.)*

[27 S. E. Rep. 435.]

Conveyance to Wife*—Attacked by Creditors as Fraudulent—Burden of Proof.

In a suit by creditors to set aside as fraudulent a deed to secure notes executed by the grantor to his wife, where the wife claimed that the original transaction represented a loan by her to him, the burden was on her to show that fact, and also a contemporaneous promise by him to pay the debt.

Appeal from circuit court, Southampton county.

Suit by W. B. Ferguson and others against Rufus E. Darden and others. From a decree in favor of complainants, defendants appeal. Affirmed.

Defendants introduced evidence to show that the money represented by the notes referred to in the opinion was a loan by the wife to her husband, and that the notes were given to her by him at the time the money was paid. The evidence of complainants tended to show that the notes were executed subsequently.

*Jackson Guy,* for appellants.

*E. E. Holland* and *Sam'l D. Davies,* for appellees.

---

*See monographic note on "Fraudulent and Voluntary Conveyances," Va. Rep. Anno.

HARRISON, J., delivered the opinion of the court.

On the 21st day of August, 1891, Rufus E. Darden, being insolvent, made four conveyances, which were admitted to record on that day, covering all of his property, and securing certain creditors named in each.    One of these conveyances was a deed to his son John B. Darden as trustee to secure Martha R. Darden, the wife of the grantor, (1) a note for $2,000, dated October 26, 1882 ; (2) a note for $1,000, dated August 19, 1886 ; and (3) a note for $800, dated January 1, 1891,—all purporting to be given by Rufus E. Darden to Martha E. Darden, to whom they were stated to be due.

This appeal involves the validity of this last-mentioned deed ; the decree appealed from having declared that the same was executed upon consideration not deemed valuable in law, and with intent to hinder, delay, and defraud the creditors of Rufus E. Darden, who were complainants in the court below.

On account of the great facility which the marriage relation affords for the commission of fraud, transactions between husband and wife are to be closely scrutinized, to see that they are fair and honest, and not mere contrivances resorted to for the purpose of placing the husband's property beyond the reach of his creditors ; and, in a contest between the creditors of a husband and the wife, the burden of proof is upon her to show by clear and satisfactory evidence the bona fides of the transaction.    In all such cases the presumptions are in favor of the creditors, and not in favor of the title of the wife.    Wait, Fraud. Conv. §§ 300, 301 ; Flynn v. Jackson, 93 Va. 341, 25 S. E. 1.

The right of the wife to the benefits of the deed in question is not established with the degree of certainty required.    On the contrary, after a careful examination of the evidence, the mind is left in a painful state of doubt and uncertainty as to the integrity of the transaction.    The mere holding of a bond is not sufficient evidence that at the time the bond purports to

have been given it was recognized as a debt, and that both husband and wife intended to occupy the relation to each other of debtor and creditor.    The burden is upon the wife to show that the original transaction represented a loan by her to the husband, and a contemporaneous promise on his part to pay the debt.    Otherwise what was originally a gift to aid the husband in business, and used by him as a basis of credit, could subsequently, when he became involved, be converted into a debt to his wife, and thus perpetrate a fraud upon his creditors with the utmost facility and impunity.

The evidence relied on in this case to overcome the presumption against the wife is the testimony of two of her children, the one 13 years of age and the other 15 at the time the first bond purports to have been executed.    Without going into an analysis of this evidence, which would serve no good purpose, it is sufficient to say that it is contradictory, and in many respects unsatisfactory.

In the opinion of the circuit court, the proof was not sufficient to establish the indebtedness of the husband to the wife with that clearness and certainty which the law requires ; and, though this court might doubt the correctness of that decision, it could not reverse unless satisfied that there was error.    Smith v. Smith, 92 Va. 696, 24 S. E. 280.

For these reasons the decree appealed from must be affirmed.