OF THE

# SUPREME COURT OF APPEALS

OF

## WEST VIRGINIA

---

## CHARLESTON.

PEALE *v.* GROSSMAN *et al.*

Submitted January 26, 1910.    Decided November 28, 1911.

1. FRAUDULENT CONVEYANCE—*Transactions Invalid—Prior or Subsequent Creditors.*
   Whether one is a prior or a subsequent creditor in relation to a voluntary conveyance must be ascertained solely by reference to the time the debt was contracted. (p. 2).

2. SAME—*Transactions Invalid—Priority of Claims—Running Accounts.*
   When a running or continuous account extends over the date of a voluntary conveyance, the creditor, as to the part of the indebtedness contracted prior to the conveyance, is a prior creditor, and, as to the part contracted subsequent to the conveyance, he is a subsequent creditor. (p. 3).

3. PAYMENT—*Application—Running Accounts.*
   If payments are made on a running or continuous account, without particular application of the same thereto by direction of the paying debtor or act of the receiving creditor, the law applies the payments to the oldest items of the account. (p. 4).

4. FRAUDULENT CONVEYANCES—*Transactions Invalid—Priority of Claims—Running Accounts.*
   One loses his position of prior creditor by accepting payments which lawfully go in full discharge of the indebtedness contracted prior to the voluntary conveyance. (p. 4).

5.   SAME—*Remedies of Creditors—Decree.*
    A decree charging property with the payment of debts in favor of various creditors should specifically state the amount due to each creditor. (p. 5).

Appeal from Circuit Court, Kanawha County.

Bill by W. C. Peale and others, partners, against M. W. Grossman and others. From a judgment for defendants, T. J. Peale, surviving partner, and others appeal.

*Affirmed and remanded, with directions.*

*A. Burlew* and *D. W. Taylor,* for appellant Peale.

*Nash & Nash,* for appellant Sterling Paint & Glass Co. *Price, Smith, Spillman & Clay,* for appellants Chicago Varnish Co. and others.

*Payne & Payne* and *Berkeley Minor, Jr.,* for appellees.

ROBINSON, JUDGE:

This is a suit attacking conveyances to a wife as being in fraud of the husband's creditors. The chancellor found from the pleadings and proofs that the conveyances were not made in actual fraud, but that one of them conveying a lot of ground was voluntary and, therefore, void as to the debts contracted prior to its date; that all the debts claimed by the bill and petitions were contracted after this conveyance was made, except a debt of one of the petitioning creditors; that the wife furnished $1,800 of the money that paid for the lot and the improvements thereon from resources of her own, other than those of her husband; and that the improvements placed on the lot a considerable time after the conveyance are chargeable with the debts of the husband, claimed by plaintiff and the other petitioners, to the extent that his means went into those improvements, that is, to the amount of $1,325. Accordingly a decree was entered directing that the property be sold for the satisfaction of the debts to that amount, if not paid to that extent by the wife in a day given. From this decree plaintiff and other creditors have appealed. The main contention is that the court erred in not subjecting the property as a whole to the payment of the husband's debts.

The case is so similar to many that have received extended ju-

dicial discussion that it will serve no purpose to elaborate on facts like those which have time and again been reviewed in our cases and on well settled principles in connection therewith. The books already contain full exposition of principles relating to voluntary and fraudulent conveyances. We have carefully weighed the evidence in connection with the familiar legal principles applicable thereto. It is enough to say that the evidence justifies the view of the case adopted in the decree. Therefore, the assignments and the cross assignment on this score are overruled. The decree is right as far as it goes. In one particular it should go further, but as to that we shall speak later.

Plaintiff claims that he is a prior creditor in relation to the conveyance of the lot. If it were so, his debt should have a better priority than that given in the decree; for the voluntary conveyance of the lot would then be void as to him. Because plaintiff's debt grows out of a running account extending from a date long before the conveyance to a date long thereafter, it is insisted that the balance finally remaining due on the account should be considered a debt prior to the conveyance, notwithstanding the various payments made on the account more than equal the items of indebtedness contracted prior to the date of the conveyance. Our statute settles this matter. Code 1906, ch. 74, sec. 2. Judge LUCAS. in *Greer* v. *O'Brien,* 36 W. Va. 277, gives a clear exposition of this statute. Therein it is held: "Under said act the courts of this state have no power to substitute subsequent creditors to the shoes of prior creditors, or to confound the two classes which the act was intended to make, and has made, absolutely distinct." In a running account extending over the date of a voluntary conveyance, part is contracted prior to the conveyance and part subsequent to the conveyance. The creditor is clearly a prior creditor as to part and a subsequent creditor as to part. The conveyance can only be considered void for voluntariness as to the part contracted prior to it. As to the other part it is valid, unless overthrown for actual fraud in relation thereto. As to this subsequent part, mere voluntariness will not avoid the conveyance. The statute defines the debts for which a voluntary conveyance must give way. It declares that a conveyance "not upon consideration deemed valuable in law, shall be void as to creditors whose debts shall have been contracted at the time it was made; but shall not upon that account merely be void as

to creditors whose debts shall have been contracted * * after it was made." The dividing line is clearly fixed; and, as heretofore held, the courts have no power to confound the two classes or to substitute the one for the other. Whether one is a prior or a subsequent creditor in relation to a voluntary conveyance must be determined solely by reference to the time the indebtedness was contracted. Of course we are now dealing only with the aspect of the mere voluntary, not fraudulent, conveyance of the lot. The improvements, it is true, have been held chargeable with debts made subsequent to the conveyance, but upon the ground that the husband, a considerable time after the conveyance of the lot, put his money in the improvements in fraud of the subsequent debts. That is another branch of the case, as to which even the wife is not seriously contending, it seems.

Having observed that plaintiff's account was of such a character as to make him prior creditor as to one part and subsequent creditor as to the other part, we must next inquire whether he still retains the position of prior creditor. The payments made on the account are sufficient to pay all the items that were contracted prior to the conveyance. How are those payments to be applied? Clearly, in the absence of any direction by the paying debtor, or any specific application of the payments by the creditor, the law will apply the payments to the oldest part of the account. The payments on the account due plaintiff were made and credited thereon without direction or particular application. They should be held to apply as payments ordinarily do under such circumstances—they should go to the payment of the oldest items of account. "In cases of long standing accounts, where debits and credits are constantly occurring, and no balances are struck otherwise than for the mere purpose of making rests, the payments ought to be applied to extinguish the debts according to priority of time." 11 Enc. Dig., Va. & W. Va., 124; 30 Cyc. 1244. There is nothing to show that the parties intended the payments to go to the items of account contracted after the conveyance, or that they intended them to be distributed over the whole account. We can only give the payments the application that the acts of the parties gave them at the time they were made. The debtor paid on the account without direction. The creditor made no particular application of the payments. Under these circumstances, the acts of the parties in the making and receiving

of the payments caused the same to apply to the oldest items of the account. We cannot change all this now, in order to make plaintiff a prior creditor, when indeed his receiving the payments in the way that he did made him to lose his position of prior creditor. He is chargeable with knowledge of the effect of his act in receiving the payments. If he desired to maintain his position as prior creditor, he should not have accepted the payments in the way he did. Plaintiff, by his own dealings, long ago made his position in reference to the voluntary conveyance to be that of subsequent creditor. The only items of indebtedness remaining due to him were contracted after the conveyance. The doctrine of applying payments to the part of a debt least secured has nothing to do with this case, though urged by plaintiff. The law applied these payments when they were made.

In some jurisdictions continuous or running accounts beginning before the conveyance are considered prior debts. 20 Cyc. 422; *Thomas* v. *Lyle*, 37 Ill. App. 482; *Spuck* v. *Logan*, 97 Md. 152; *Paulk* v. *Cooke*, 39 Conn. 566; Waite on Fraudulent Conveyances, sec 103; Bump on Fraudulent Conveyances, sec. 296. But, as we have stated, our statute defines who is a prior creditor and who is not. By the terms of the statute a creditor's relation to a voluntary conveyance is fixed only by the time of the contracting of the debt. It does not permit making a creditor what he has not made himself in this regard. It does not recognize the subrogation which other jurisdictions have invoked to make one a prior creditor.

The contention by plaintiff that the decree is erroneous in recognizing the debts of the petitioning creditors is overruled. Plaintiff's bill invited these petitioners to come into the suit. They filed petitions fully setting up their debts and joining with plaintiff in the suit. Thereby they became responsible for costs. Not a word of objection to their petitions was entered in the court below. The debts claimed by them have been contested by no one, not even by the debtor or his wife who claims the property on which these debts are made charges. Several of these petitioning creditors were even allowed to join with plaintiff in this appeal.

The decree finds that plaintiff and petitioners, other than the petitioner decreed to be a prior creditor and whose debt is charged against the lot, shall share *pro rata* in the amount charged

against the improvements on the property. But the decree does not go on, ascertain, and fix the amount of the respective debts of plaintiff and these petitioners. These amounts should be determined by decree before further proceedings are taken in the cause. The decree entered settles correctly the principles of the cause. But it should go further and ascertain each debt that is to be paid in pursuance of those principles. We presume this would have been done in the court below if plaintiff had called attention to the propriety of doing it. The debtor and the owner of the property are not complaining, and we shall not reverse for this cause at the instance of plaintiff and the other appellants, since they could have asked this additional decree below and there obtained it. We shall affirm the decree, and remand the cause with direction to the court below to ascertain and fix by further decree the respective amounts of the debts due plaintiff and petitioners, already directed to be paid under the former decree.

*Affirmed and remanded, with directions.*