## Richmond

### EASON v. LYONS & OTHERS.

#### January 16, 1913.

1. FRAUDULENT CONVEYANCES—*Husband and Wife—Presumption.*—
Transactions between husband and wife must be closely scruti-
nized to see that they are fair and honest, and not merely con-
trivances resorted to for the purpose of placing the husband's
property beyond the reach of his creditors, and, in a contest be-
tween the creditors of a husband and his wife, the burden of
proof is upon her to show by clear and satisfactory evidence the
*bona fides* of the transaction. In all such cases the presumptions
are in favor of the creditors and not in favor of the title of the
wife.

2. ESTOPPEL—*Release—Waiver.*—A creditor who has taken a deed of
trust on a husband's land to secure the payment of a debt is not
estopped from bringing suit to set aside, as voluntary, a con-
veyance of another tract by the husband to his wife by the
fact that he signed a paper, stating that his deed does not have
"any reference or claim on the farm" owned by the wife in her
own name. This is clearly so where it appears that the creditor
refused to sign another paper which was prepared and ten-
dered to him for his signature by which he waived the right
to assert any claim against the farm conveyed by the husband
to his wife, and that the paper first mentioned was then signed
by him.

3. WITNESSES—*Competency—Husband and Wife—Voluntary Convey-
ance—Cross Bill by Wife.*—In a suit by a creditor of the hus-
band to set aside as voluntary a deed made by him to his wife,
the husband and wife are not rendered competent to testify by
the fact that the wife prays that her answer to the bill may
be treated as a cross bill, where the matter set up in the cross
bill is equally available in the answer, as such, to the original
bill. A cross bill which seeks no discovery and sets up no
defense, which might not as well be made by answer, will not
be allowed.

4. EQUITY PLEADING—*Rehearing—After Discovered Evidence.*—A peti-
tion to rehear a chancery cause on account of after-discovered

evidence is properly refused where the new evidence is merely cumulative and could not on another hearing produce a different result, and no sufficient reason is shown for not having introduced it before the hearing.

Appeal from a decree of the Circuit Court of Norfolk county. Decree for the complainant. One of the defendants appeals.

*Affirmed.*

The opinion states the case.

*L. W. Starke,* and *D. Tucker Brooke,* for the appellant.

*Frank L. Crocker,* for the appellees.

HARRISON, J., delivered the opinion of the court.

On the 15th day of September, 1893, I. N. Eason conveyed to his wife, Narcissus C. Eason, a farm in Norfolk county, known as the "Cornick Farm," containing four hundred and seventy acres, which had been conveyed to him by Margaret F. Cornick. The grantor states on the face of the deed that he doth give, grant, bargain, sell and convey the farm mentioned in consideration of five dollars, as well as the natural love and affection he hath for his wife. At the time this conveyance was made the grantor was heavily indebted to the appellee, Samuel W. Lyons, who has filed the bill in this case asking that the deed be set aside upon the ground that it was not upon consideration deemed valuable in law, and was made with the intent to delay, hinder and defraud him of a large debt which the grantor owed him prior to and at the time the deed was executed.

The circuit court, by the decree complained of, set aside the deed assailed and directed that the farm therein conveyed should, in accordance with the prayer of the bill, be subjected to the balance shown to be due the appellee,

S. W. Lyons. From that decree this appeal has been taken.

Mrs. Eason attempts to show that the deed of September 15, 1893, was not, as appears on its face, a deed of gift, but that the farm thereby conveyed belonged to her, and that the deed was only a formal transfer of her own property to her own name. The record shows that in 1877 I. N. Eason bought a farm in Princess Anne county for twelve hundred dollars and took the title in his own name. Mrs. Eason claims that she furnished her husband with the money to pay for this farm, and that when it was sold at a large advance over the cost price, the proceeds were invested, in part, in the "Cornick Farm." Mrs. Eason claims that the money with which her husband bought the Princess Anne farm was given to her by her aunt, Miss Charlton, and that she gave it to her husband with the understanding that the farm was to be bought for her. The only evidence adduced in support of this claim, other than that of herself and husband, was the testimony of a son, a sister, and one James E. Parsons, who lived with the family at or about the time of the purchase of the Princess Anne farm. The testimony of I. W. Eason, the son, sheds no light upon the question now under consideration. He says that he was not old enough to know anything about the Princess Anne farm or where his mother got the money to pay for it. The testimony of Mary Halstead, the sister, was that the aunt, Miss Charlton, was a dressmaker, and was frequently at the home of Mrs. Eason; that on one occasion she saw Miss Charlton give Mrs. Eason $500, and that on other occasions she saw her give Mrs. Eason money, but did not know what amount. The witness Parsons testifies that he had seen Miss Charlton give Mrs. Eason money several times, but that he did not know the amount. This witness also says that he heard Mr. Eason tell his wife that he had found

a farm to suit her, and that she said: "If you think it is a cheap farm, I would like you to buy it for me"; that a few days afterwards he came home and said, "I can buy that farm. I can buy it tomorrow"; that the next morning before Eason left home, he saw his wife hand him a big bunch of money, but that he did not know the amount.

The documentary evidence shows that Cole and wife sold and conveyed the Princess Anne farm to I. N. Eason, in consideration of $1,200 paid by him. Five years afterwards Mrs. Eason unites with her husband in conveying this farm, at the price of $4,750, to purchasers who, by a cotemporaneous trust deed thereon secured to I. N. Eason bonds payable to him aggregating $3,975, being the balance of the purchase money due to him on their purchase of the Princess Anne farm. On the 9th day of July, 1884, Margaret F. Cornick conveyed to I. N. Eason the "Cornick Farm" (now in controversy), for $4,200, and on the same day Eason executed a deed of trust securing to his grantor, Mrs. Cornick, several bonds executed by him to her, aggregating $3,500. At no time does Mrs. Eason appear of record as the owner of either the Princess Anne farm or the "Cornick Farm," until September 15, 1893, when the latter farm was conveyed to her as a gift by her husband, more than nine years after he had acquired the same, and when he was in debt to the appellee in the sum of $12,724.12.

This court has repeatedly held that transactions between husband and wife must be closely scrutinized, to see that they are fair and honest, and not mere contrivances resorted to for the purpose of placing the husband's property beyond the reach of his creditors, and that in a contest between the creditors of a husband and his wife, the burden of proof is upon her to show by clear and satisfactory evidence the *bona fides* of the transaction. In all such cases the presumptions are in favor of the creditors

and not in favor of the title of the wife. *Sledge and Bark-ley* v. *Reed,* 112 Va. 202, 70 S. E. 523; *Vashon* v. *Barrett,* 105 Va. 490, 54 S. E. 705; *Kline* v. *Kline,* 103 Va. 263, 48 S. E. 882; *Spence* v. *Repass,* 94 Va. 716, 27 S. E. 583.

We are of opinion that the evidence in the case at bar falls short of establishing the claim of the appellant with the degree of certainty required in such cases. The evidence wholly fails to show that Mrs. Eason, at any time, had means sufficient to pay $1,200 for the Princess Anne farm, and it tends strongly to show that, to whatever extent, if any, her money was used in paying for that farm, it was the ordinary case of the husband using the wife's money for his own purposes with her knowledge and consent. If there was an agreement, as claimed, that the Princess Anne farm was to be bought by the husband for the wife, it is clear that no such agreement was carried out, and that the wife knew that it had not been carried out.

It is further insisted that the appellee creditor was, by his conduct, estopped from enforcing his claim against the "Cornick Farm." In support of this contention the following paper, dated September 12, 1895, and signed by the appellee, S. W. Lyons, is relied on:

"This is to certify that the deed of trust this day executed to secure me by I. N. Eason and wife, does not have any reference or claim on the farm that Mrs. Eason owns in her own name, and known as the Cornick Farm."

It appears that I. N. Eason owned other lands in Norfolk county besides the farm which he had previously conveyed to his wife, and on the 12th of September, 1895, he conveyed these other lands to a trustee to secure the appellee. Mrs. Eason claims that the paper relied on as an estoppel was intended as a release of all claim by the appellee to or against the "Cornick Farm," in consideration of her release of her contingent dower rights in the other

lands of her husband by uniting in the deed of trust bearing even date with the paper. This claim is not sustained by the proof. The weight of evidence shows, we think, that the paper was executed and delivered by the appellee, upon request, to allay a nervous anxiety expressed at the time by Mrs. Eason that the deed of trust she was about to execute should not embrace the "Cornick Farm." It appears that a paper waiving the right of appellee to assert any demand against the "Cornick Farm" was written at the time, but appellee positively refused to sign it. The paper now relied on was then prepared, which merely states what appears on the face of the deed of trust, that the "Cornick Farm" was not embraced in the deed. When the paper that appellee refused to sign is read in connection with the paper which he did sign, it puts the transaction beyond dispute, and shows that the paper relied on as an estoppel was never intended to operate as a waiver by appellee of his right to enforce his claim against the farm which the husband had conveyed to Mrs. Eason.

A further contention is that both Mr. and Mrs. Eason are competent witnesses, and that their depositions, which were taken over the objection of the appellee, should be given due weight. As already shown, the bill in this cause was filed by a creditor to impeach and avoid a voluntary conveyance from I. N. Eason to his wife. The Code, section 3346-a, provides, that neither husband nor wife shall be competent to testify for or against each other in any proceeding by a creditor to avoid or impeach any conveyance, gift, or sale from the one to the other on the ground of fraud or want of consideration.

The appellant seeks to avoid this plain statutory provision and to render the husband and wife competent witnesses in the case at bar by the following argument. Mrs. Eason's separate answer, by way of defense, in part, sets up the paper of September 12, 1895, signed by the appellee

and alleges that it was executed and delivered as an agree-
ment on appellee's part not to enforce his debt against the
"Cornick Farm." The contention is that Mrs. Eason's
separate answer should have been treated by the court as
a cross-bill; that a cross-bill is a separate and distinct suit
from the original bill; and that Mrs. Eason and her hus-
band would have been competent witnesses in such sepa-
rate and distinct suit, at least as to the alleged agreement
of Lyons with respect to the "Cornick Farm."

We are of opinion that the circuit court properly held·
that the matters set up in the separate answers of I. N.
Eason and his wife, independently of such matters as
were directly responsive to the bill, were matters proper
to be considered by way of answer, and as to which com-
plete justice could be done between the parties without
treating such answers as cross-bills, as asked in argument
at the bar. The answer of Mrs. Eason seeks no discovery
and sets up no defense which could not as well be made
by answer. She can obtain all the relief in the original
suit that she could if her answer were treated as a cross-
bill. Had she prevailed, the only relief she could have ob-
tained in either case would have been a dismissal of the
bill and an adjudication that the deed of gift from her
husband to herself was not void as to the attacking credi-
tor. The matter asserted in the answer does not call for
affirmative relief, but is defensive merely and would be
satisfied by a dismissal of the original bill.

In 16 Cyc., p. 327, it is said: "Where the matter of a
cross bill is equally available in the answer, by way of de-
fense to the original bill, a cross bill is unnecessary.
Therefore, a cross bill will not be permitted to set up a
mere defense, existing when the answer is filed, unless dis-
covery is required; and a cross bill is equally improper,
even where relief is required, if such relief can be had on
the principles stated by answer. The rule is, that when

all the objects sought can be attained by answer, a cross-bill will not be permitted; but although an answer is available for the main purpose, a cross-bill may be used when the circumstances call for protection beyond that which could be had by answer."

In *Scott and wife* v. *Roland,* 82 Va. 484, 497, 4 S. E. 595, 601, it is said: "The doctrine is that a cross-bill should never be brought when the party can obtain in the original suit the same relief without it; and when the cross-bill seeks no discovery, and sets up no defense which might not have been as well taken by answer, the bill will be dismissed with costs. 1 Bart. Chy., 302." See also 1 Hogg's Eq., sec. 192.

It is clear that I. N. Eason and wife are not competent witnesses in this case, and that they cannot avoid the statute and render themselves competent in the manner suggested, by having their answers treated as cross-bills.

It is suggested in the petition, but was not pressed either in the briefs or in argument at the bar, that the circuit court erred in refusing to grant Mrs. Eason, the appellant, a rehearing of this cause on the ground of after-discovered evidence. In this action of the court there was no error. No sufficient reason is shown for not having produced the evidence sought to be introduced before the hearing. It was merely cumulative, and could not, on another hearing, affect the result on the merits.

The decrees appealed from are without error and must be affirmed.

*Affirmed.*