## Richmond.

## MORRISETTE V. THE COOK AND BERNHEIMER COMPANY AND OTHERS.

### March 21, 1918.

1. FRAUDULENT AND VOLUNTARY CONVEYANCES—*Husband and Wife.*—. As a matter of public policy, conveyances by husband to wife, where the husband is indebted, are presumed to be fraudulent, because of the temptation to commit frauds upon creditors and the ease with which they may be perpetrated, and this presumption must be overcome by evidence. Where a husband who is indebted conveys his property to his wife, the wife must prove the good faith of the transaction by clear and satisfactory evidence. If the deed be tainted with actual fraud, it is void as to all creditors, whether existing or subsequent. When post nuptial settlements are assailed by creditors, they must be upheld by proof; and the answer of the wife is not evidence, but must be sustained by proper proof.

2. FRAUDULENT AND VOLUNTARY CONVEYANCES—*Husband and Wife.*— Code of 1904, section 2459, provides that conveyances which are not upon consideration deemed valuable in law, or which are upon consideration of marriage, shall be void as to existing but not as to subsequent creditors. Section 2458 provides that every conveyance given with intent to delay, hinder, or defraud creditors, shall be void. A husband conveyed to his wife all his real estate, reciting the consideration to be the sum of five dollars and other valuable considerations. The husband was engaged in business, and at the time of the conveyance was indebted to others, and at the time of his death his indebtedness had increased. Upon suit by the husband's creditors to set aside the deed as fraudulent the wife contended that the conveyance was voluntary and not based upon valuable consideration, and that therefore the conveyance was not void as to subsequent creditors.

   *Held:* That the burden of proof was upon the wife and that the false and deceptive recital of a valuable consideration in the deed did not shift the burden of proof to creditors whose debts were contracted after the conveyance.

3. FRAUDULENT AND VOLUNTARY CONVEYANCES—*Section 2459 of the Code of 1904—Proof of Fraud.*—A gift of a chattel being with-

out valuable consideration is always void as to existing credi-
tors of the donor; but as to subsequent creditors actual fraud
must be proved. The voluntary character of the transaction
may be one element in the proof of fraud, but not sufficient
proof, because the statute says it shall not be.

4. FRAUDULENT AND VOLUNTARY CONVEYANCES—*Section 2459 of the
Code of 1904—Proof of Fraud.*—In the case at bar a husband
who was indebted at the time made a conveyance to his wife,
which was in fact voluntary though it falsely purported to be
for a valuable consideration. The husband was engaged in a
business which was to be prohibited by law within eighteen
months. His fixtures and business stand were, therefore, de-
preciating in value, while his debts, instead of diminishing,
materially increased soon after the conveyance, and the evi-
dence submitted did not clearly and satisfactorily prove that
the grantor had reserved sufficient property to pay his debts.

*Held:* That this was not merely a voluntary conveyance under
section 2459 of the Code of 1904.

5. HUSBAND AND WIFE—*Fraudulent and Voluntary Conveyances.*—
In a suit properly instituted by subsequent creditors, it ap-
peared that a husband, indebted at the time, conveyed the major
portion of his property to his wife, by a deed which falsely
recited a valuable consideration, the amount of which was not
disclosed by the deed, and which was in fact voluntary.

*Held:* That in the absence of satisfactory explanation, such
facts are sufficient to sustain a decree that the conveyance was
fraudulent and hence void as to subsequent creditors.

6. APPEAL AND ERROR—*Affirmance.*—An appellate court will not
reverse the decree of a trial court, which is entitled to great
weight, unless satisfied that it is wrong. The burden is upon
the party complaining to show error and to satisfy the appel-
late court of such error.

Appeal from a decree of the Circuit Court of city of Nor-
folk. Decree for complainants. Defendant appeals.

*Affirmed.*

The opinion states the case.

*N. T. Green* and *Thos. H. Willcox, Jr.,* for the appellant.

*G. M. Dillard* and *Alfred Anderson,* for the appellees.

Prentis, J., delivered the opinion of the court.

On March 27, 1915, T. N. Morrisette conveyed to his wife, Alvilla Morrisette, the appellant, all of his real estate in the city of Norfolk, said to be of the value of $2,280, reciting the consideration to be "the sum of five dollars in hand paid, the receipt of which is hereby acknowledged, and other valuable considerations." The property was conveyed with general warranty, and the deed contained the usual covenants of title. This deed was attacked by the appellees, creditors of Morrisette, upon the ground that it was made upon consideration not deemed valuable in law, was voluntary, and made with intent to hinder, delay and defraud his creditors. The bill alleged that the conveyance deprived Morrisette of the means of paying his debts, prevented his creditors from resorting thereto for the payment of his debts, and caused him to become and remain insolvent.

Morrisette conducted a bar room in Norfolk, and at the time of the conveyance was indebted to three of the appellees in the sum of $637.57. At the time of his death, a little over ten months later, his indebtedness to these creditors amounted to $1,084.96. After the conveyance and until his death, Morrisette continued his business, purchasing more goods from them and making payments on their running accounts, and this suit was instituted to recover the balance due thereon. At his death, as appears from the inventory, his entire estate consisted of his bar fixtures and stock, appraised at $321; one horse and buggy, at $150; and cash in bank $6; aggregating $477.

The trial court decreed the conveyance to be null and void, and set it aside upon the ground that it was not made upon consideration deemed valuable in law, and that it was made with intent to hinder, delay and defraud the creditors of Morrisette. From that decree this appeal was taken.

The contention for the appellant is that the conveyance was voluntary and not based upon valuable consideration, she having so admitted in her answer to the bill, that the debts were contracted at a date subsequent to such conveyance, and that the evidence does not justify the decree of the court that the conveyance was fraudulent; and therefore, under section 2459 of the Code, the bill should have been dismissed.

Section 2459 thus relied upon provides: "Every gift, conveyance, assignment, transfer, or charge, which is not upon consideration deemed valuable in law, or which is upon consideration of marriage, shall be void as to creditors, whose debts shall have been contracted at the time it was made, but shall nto, on that account merely, be void as to creditors whose debts shall have been contracted or as to purchasers who shall have purchased after it was made; and though it be decreed to be void as to a prior creditor, because voluntary or upon consideration of marriage it shall not, for that cause, be decreed to be void as to subsequent creditors or purchasers."

The claim of appellant rests, then, upon the proposition that this is merely a voluntary deed, and that though void as to creditors whose debts were contracted before it was made, in the absence of actual proof of fraud, it is valid as to creditors whose debts were contracted after the conveyance.

On the other hand, the claim of appellees is, that the deed is not merely voluntary but actually fraudulent, and therefore void as to them under section 2458, which provides that, "Every gift, conveyance, assignment, or transfer of, or charge upon, any estate, real or personal, every suit commenced, or decree, judgment, or execution suffered or obtained, and every bond or other writing given with intent to delay, hinder, or defraud creditors, purchasers, or other persons of or from what they are or may be lawfully

entitled to, shall, as to such creditors, purchasers, or other persons, their representatives, or assigns, be void."

The controlling question is, whether under the facts recited the decree should be in favor of the creditors alleging the fraud, or in favor of the wife claiming that there was no fraud. There are certain well-established doctrines affecting the question, which are admitted by all: Among them are, that such transactions between husband and wife, as a matter of public policy, are presumed to be fraudulent, because of the temptation to commit frauds upon creditors and the ease with which they may be perpetrated; and that this presumption must be overcome by evidence; that where a husband who is indebted conveys his property to his wife, the wife must prove the good faith of the transaction by clear and satisfactory evidence; that if the deed be tainted with actual fraud, it is void as to all creditors, whether existing or subsequent; that when post nuptial settlements are assailed by creditors, they must be upheld by proof; and that the answer of the wife is not evidence, but must be sustained by proper proof. *Darden* v. *Ferguson*, 2 Va. Dec. 496, 27 S. E. 435; *Fink Bro. & Co.* v. *Denny*, 75 Va. 668; *Johnson* v. *Wagner*, 76 Va. 590; *Witz, Biedler & Co.* v. *Osburn*, 83 Va. 230, 2 S. E. 33; *Rixey's Adm'r* v. *Deitrick*, 85 Va. 45, 6 S. E. 615; *Crowder* v. *Garber*, 97 Va. 567, 34 S. E. 470; *Runkle* v. *Runkle*, 98 Va. 664, 37 S. E. 279; *Robinson* v. *Bass*, 100 Va. 190, 40 S. E. 660; *Lee* v. *Willis*, 101 Va. 191, 43 S. E. 354; *Baker* v. *Watts*, 101 Va. 707, 44 S. E. 929; *Rankin* v. *Goodwin*, 103 Va. 83, 48 S. E. 521; *Kline* v. *Kline*, 103 Va. 265, 48 S. E. 882; *Richardson* v. *Pierce*, 105 Va. 630, 54 S. E. 480; *Sledge* v. *Reed*, 112 Va. 203, 70 S. E. 523; *Eason* v. *Lyons*, 114 Va. 390, 76 S. E. 957; *Johnson* v. *Ables*, 119 Va. 596, 89 S. E. 908.

In this case the deed did not purport to be a voluntary conveyance, but recited a valuable consideration, and the main contention of the appellant is based upon the fact,

shown by the admission in the answer, that the deed affirmed a falsehood and concealed the truth, and that notwithstanding its recital of a valuable consideration no consideration passed.

If in this case, when the deed was attacked, instead of admitting that the recital of a valuable consideration in the deed was untrue, the grantee had by her answer undertaken to sustain the deed by alleging that she had paid full value for the property conveyed, then by an unbroken line of decisions it is clear that the burden would have been upon her to establish that fact. The proposition here is, that because of the circumstance which the law infers in the absence of proof to the contrary and which fact she admitted in her answer, namely, that the recital of a valuable consideration in the deed the amount of which was undisclosed, was false and deceptive, therefore the burden of proof changes as to creditors whose debts were contracted after the conveyance. It is doubtless true under section 2459, that if there is nothing before the court except a voluntary conveyance, then that such a conveyance cannot be successfully attacked by subsequent creditors.

Counsel for the appellant argue with convincing force that by virtue of section 2459 subsequent creditors cannot prevail when they attack a conveyance which is merely voluntary and not fraudulent. Dr. Lile, in his Notes to Volume 3, Minor's Institutes, on page 26, thus construes the section: "Hence, at present with us, a gift of a chattel being without valuable consideration is always void as to existing creditors of the donor; but as to subsequent creditors actual fraud must be proved. The voluntary character of the transaction may be one element in the proof of fraud, but not sufficient proof, because the statute says it shall not be." *Pickrell* v. *Reynolds* (Chancery Court, city of Richmond), 6 Va. Law Journal (May, 1882), 308; *Lockhard* v. *Beckley*, 10 W. Va. 88; *Greer* v. *O'Brien*, 36 W. Va.

75

277, 15 S. E. 74, and *Peale* v. *Grossman,* 70 W. Va. 1, 73 S. E. 46, Ann. Cas. 1913 C, 1373, also sustain this view.

The evidence here, however, shows much more than a conveyance which is merely voluntary; that is, we have a conveyance to his wife from a grantor who was indebted at the time, which was in fact voluntary though it falsely purported to be for a valuable consideration, such debtor being engaged in a business which was to be prohibited by law within about eighteen months (because it had then been determined that the sale of intoxicating liquors would be prohibited in the State on the 1st of November, 1916); his bar fixtures and business stand were therefore depreciating in value, while his debts, instead of diminishing, materially increased soon after the conveyance, and as the trial judge determined the evidence submitted does not clearly and satisfactorily prove that the grantor had reserved sufficient property to pay his debts.

In *Greer* v. *O'Brien, supra,* which is among the cases relied on by the appellant, this is said: "This proposition must be taken in connection with the facts of the case itself (referring to *Rogers* v. *Verlander,* 30 W. Va. 651, 5 S. E. 847), as set out in the opinion, which disclose that the deed assailed purported to be for valuable consideration, and was not on its face a voluntary conveyance; thus obviously indicating on the part of the grantor an intent to withdraw from the reach of existing creditors all the property so conveyed. As applied to the case then in hand, therefore, the proposition is correct, because the misrepresentation on the face of the deed supplied that 'additional circumstance' of covin which, as we have seen, was insisted upon in *Lockhard* v. *Beckley, supra* (10 W. Va. 87), in which it was held that mere indebtedness at the time of making a dead, voluntary on its face, is not a circumstance to impeach the deed, except when accompanied by other badges of fraud."

We have, then, in this case this particular badge of fraud, this additional circumstance, in a transaction by which a

husband, indebted at the time, conveys the major portion of his property to his wife, by a deed which falsely recites a valuable consideration, the amount of which was not disclosed by the deed, and which was in fact voluntary. Such facts appearing in a suit promptly instituted by subsequent creditors, in the absence of satisfactory explanation, are sufficient to sustain a decree that the conveyance is fraudulent and hence void as to such subsequent creditors.

In the case of *Eason* v. *Lyons,* 114 Va. 390, 76 S. E. 957, there was a deed from a husband to a wife which was voluntary on its face, and the wife attempted to sustain it by showing that it was in fact a conveyance of her own property for which she had furnished the purchase money, and this court determined that the burden was upon the wife. Here we have a deed purporting to be for a valuable consideration, which the wife discredits by admitting that it was voluntary. If such an admission can change the burden of proof in such cases, then an easy way to defeat subsequent creditors, even where there is actual fraud, has been discovered. Under the circumstances of this case, the conveyance to Mrs. Morrisette, in the absence of satisfactory proof to the contrary, must be held to be tainted with fraud, and therefore void both as to existing and subsequent creditors. The burden was upon her to repel the presumption arising out of the admitted facts. Even if we had doubt about this, however, the case should be affirmed, because of the salutary doctrine that an appellate court will not reverse the decree of a trial court, which is entitled to great weight, unless satisfied that it is wrong. The burden is upon the party complaining to show error and to satisfy the appellate court of such error. *Shipman* v. *Fletcher,* 91 Va. 487, 22 S. E. 458; *Smith* v. *Smith,* 92 Va. 696, 24 S. E. 280.

For the reasons indicated, the decree will be affirmed.

*Affirmed.*

Sims, J., dissenting:

I regret to say that I cannot concur in the majority opinion.

On the facts of the case, the opinion leaves out of view the following important circumstances, namely: At the time the deed in question was made the grantor still owned his saloon business, stock and fixtures therein and a lease thereon which had eighteen months to run. According to the uncontradicted testimony for appellant, on April 1, 1915, after the deed aforesaid was made, the lease was worth about $2,000 over and above the rental payable thereunder, and the grantor then owned also his fixtures, his usual stock of liquors and his horse and buggy. The grantor's indebtedness then being only $637.57, the evidence in the case clearly shows that he retained in his hands at the time he made said deed ample property to pay his debts. That while it is true that it was known that the saloon business could not be continued longer than November 1, 1916, still there was every prospect of a thriving business in that line being done up to such date. That, hence, there was reasonable prospect that the grantor would make more than sufficient to pay his debts between the making of the deed and November 1, 1916. That his credit was good and remained so after the making and recording of said deed. That there was no evidence that either he or any of his creditors contemplated his future insolvency at the time the deed was made and recorded. Indeed the evidence all points to the contrary. No consideration is given in the majority opinion to the fact that the unanticipated death of the grantor about ten months after the making of the deed cut short his business activities and prevented his personal attention to the continuance of his business to November 1, 1916, and to the closing out of same at that time and the disposition of his assets, which may have brought about a very different result from that shown by the inventory of his assets after his death.

However, if the judge of the court below had rested his decision on the ground that he was of opinion from the evidence that an actual intent on the part of the grantor to defraud existing creditors existed at the time the deed in question was made, there would be great force in the position taken at the conclusion of the majority opinion, since there was in the case before us the circumstance of covin that the deed purported on its face to have been made for a valuable consideration, which might be said to be a false statement, and the grantor thereafter increased instead of diminishing his indebtedness. The courts have found it impossible to establish any standard by which fraud is to be measured. Each case must be considered upon its own facts, and the judgment of a chancellor upon the facts of a case is entitled to great weight; the appellate court will not reverse the decision of the court below unless satisfied that it is wrong; and "the burden is upon the party complaining to show error and to satisfy the appellate court of such error "—as stated in the majority opinion.

But in the case before us, we cannot rest the case upon the presumptions in favor of the correctness of the decision of the chancellor in the court below upon the issue as to whether an actual fraudulent intent as against existing creditors existed on the part of the grantor at the time of the making of the deed in question, since it affirmatively appears from the opinion of the court below in the record that he did not rest his decision on that ground. Such opinion is as follows:

"In this cause I am of opinion that the grantor in the conveyance did not retain in his hands ample funds or property to pay his obligations (*i. e.*, it did not clearly so appear).

"I am further of opinion that where the grantor in the conveyance was indebted at the time he made the conveyance, the transaction is void as to existing creditors and *prima facie* void as to subsequent creditors. This I under-

stand to be the Virginia doctrine. I will therefore enter a decree for the complainants."

Now, as we have seen above, the facts in the case before us do not sustain the first position taken in such opinion; and, as correctly pointed out in the majority opinion, the second and only remaining position taken in such opinion cannot be sustained. On neither ground, therefore, upon which the judge of the court below decided the cause can the decree complained of be upheld by us.

Further: While courts have found it impossible to establish any standard by which fraud may be always measured, they have firmly fixed one rule on the subject and that is that fraud must not only be distinctly alleged but as distinctly proved. Now if fraud in the making of a conveyance, such as that involved in the cause before us, can be proved by the plaintiffs, who are subsequent creditors of the grantor, by merely showing the existence of two bare facts, namely, (1) that the deed stated a valuable consideration, instead of showing on its face that it was voluntary, and (2) that the grantor after the making of the deed got in debt, then fraud may be established upon very scant proof indeed. The second fact mentioned is just as consistent with good faith as with fraud. This leaves only the first fact alluded to as the sole circumstance upon which the inference of fraud could be based. The statute, section 2459 of the Code, negatives such inference being drawn from that single circumstance.

The court below, therefore, was manifestly right in not resting its decision on the ground that the evidence in the cause proved an actual fraudulent intent on the part of the donor. For the same reason I do not think we can properly rest the case on that ground and thus sustain the decision of the court below. The majority opinion rests an affirmance of the cause upon another ground, as involving the controlling question in the case, namely (in substance),

that the burden of proof is upon the wife, who was grantee in the deed in question, to show "that there was no fraud;" and a number of Virginia decisions are cited in such opinion to sustain the position taken that such burden rests upon the wife claiming under a deed from her husband, as in the case before us. But with the utmost deference, I must say that an examination of those cases, as I construe them, discloses that the extent of their holding is that the presumption against the wife in respect to such a deed goes no further than to the question of the consideration for it. That is to say, a conveyance from a husband to a wife is presumed to be voluntary as to existing creditors. Those authorities seem to go no further than that holding. All of those authorities involve only the question of consideration. It appears from the express statements in most of such decisions themselves that the presumption against the wife extends only to the question of the existence of a valuable consideration for the conveyance. As stated in *Witz, Biedler & Co.* v. *Osburn* (one of the cases cited in the majority opinion), 83 Va. 227, at page 230, 2 S. E. 33, 34: "The deed * * * is therefore a post nuptial settlement on the wife, voluntary, and *therefore* fraudulent and void as to existing debts; but not as to subsequent debts, unless actually fraudulent. If tainted with actual fraud, it is void as to subsequent debts." (Citing a number of Virginia cases—italics supplied.) See also *Irvine* v. *Greever,* 73 Va. (32 Gratt.) 411, 418, for the same holding. And, as above indicated, in all of the Virginia cases cited in the majority opinion in which the presumption against the wife was applied, the attack upon the conveyance in question was made by existing creditors of the grantor and the presumption was applied only to the extent of the consideration.

But, if it were conceded that when a case may be presented to this court where a conveyance from a husband to

wife is assailed by creditors existing at the time of the conveyance, on the ground that an actual fraudulent intent on the part of the grantor existed at the time the conveyance was made, this court may hold that the burden of proof would be on the wife, not only to show a valuable consideration moving from her, but also to negative the existence of such fraudulent intent which might otherwise be inferred from any and *all other* particulars besides that of the presence or absence of a valuable consideration (and I can see that there may be a good and sufficient reason for so holding) ; still, it is well settled, as *above* noted, that *as to subsequent creditors* no presumption of fraud exists against the wife, and no burden to negative it in any particular rests upon her. (*Witz, Biedler & Co.* v. *Osburn, supra.*) As said in the opinion of this court delivered by Judge Whittle in *Richardson* v. *Pierce,* 105 Va. 628, 631, 54 S. E. 480, 481: "On the other hand, where the husband is not indebted at the time of the transaction, no such presumption arises; and the burden of proof is upon the subsequent creditor to show that a prospective fraud was contemplated and directed against him; and this principle applied also to voluntary settlements by the husband upon the wife. *Hutchison* v. *Kelly,* 1 Rob. 131, 39 Am. Dec. 250; *Bank* v. *Patton,* 1 Rob. 528; *Johnston* v. *Gill,* 68 Va. (27 Gratt.) 587; *Witz, Biedler & Co.* v. *Osburn, supra; DeFarges* v. *Ryland & Brooks,* 87 Va. 404, 12 S. E. 805, 24 Am. St. Rep. 659; *Building Association* v. *Reed,* 96 Va. 345, 31 S. E. 514."

Therefore, the fact that the deed in the case before us was made to a married woman does not distinguish the case from other cases governed by section 2459 of the Code of Virginia. And the rule is, as admirably stated by Prof. Lile and quoted in the opinion of the majority of the court, "* * * as to subsequent creditors actual fraud must be proved. The voluntary character of the transaction may

be one element in the proof, but not sufficient proof, because the statute says it shall not be." That is to say, the burden of proof is on subsequent creditors to prove the existence of an actual fraudulent intent in the grantor at the time he made the deed in question.

It is true, as appears from the quotation above from the case of *Witz, Biedler & Co.* v. *Osburn, supra* (and from many other Virginia cases), if there were existing debts at the time the deed in question was made (as was true of the case before us), but such debts are not asserted in the suit seeking to set aside the deed, yet if an actual fraudulent intent on the part of the grantor is shown to have existed as against such existing debts at the time the deed was made, the deed will be held to have been tainted with actual fraud and to be actually fraudulent as to subsequent creditors who may assail it. But as to subsequent creditors, the burden is on them to prove the existence of actual fraudulent intent as to debts which may have existed at the time the deed in question was made.

Now, on the question whether the appellees, seeking to set aside the deed to appellant, are subsequent or existing creditors: If the payments made on those debts were applied *by such creditors* to the oldest debts on those accounts, they are subsequent creditors and not creditors whose debts existed at the time the deed was made which they seek to have set aside as voluntary and fraudulent as to them.

By entering such payments in accounts current, rendered by them, with items of debit and items of credit dated, the creditors in the case before us themselves applied the payments made on account to the oldest items of debt and this left no room for contention that as matter of fact the debts they asserted by the bringing of the suit before us were debts in fact existing at the time the deed in question was made. *Clayton's Case,* 1 Merivale, 609-611. 3 Eng. Ruling Cas. 329; *Deeley* v. *Lloyd's Bank, Ltd.,* App. Cas. (1912),

76

page 756; *Sherry's Case,* 25 Cy. Div. (Eng.) 672, 692; *Peale* v. *Grossman,* 70 W. Va. 1, 73 S. E. 46, Ann. Cas. 1913 C, 1373.

It is true that in a number of jurisdictions where it seems there is no such statute as that in Virginia above quoted, it is held that: "In case of running accounts, the earliest indebtedness being paid by the proceeds of the later, the continuing indebtedness stands upon the same footing as an indebtedness existing at the time of the conveyance * * *" (20 Cyc. 422.) To the same effect *Spuck* v. *Logan,* 97 Md. 152, 54 Atl. 989, 99 Am. St. Rep. 427. Such a holding in Virginia would be in direct conflict with said statute (section 2459 of Code of Virginia), which, as said in *Peale* v. *Grossman, supra,* with respect to the West Virginia statute, the same as the Virginia statute." * * * The statute defines who is a prior creditor and who is not. By the terms of the statute a creditor's relation to a voluntary conveyance is fixed only by the time of the contracting of the debt. It does not permit making a creditor what he has not made himself in this regard." It seems clear, therefore, that such authorities relied on by appellees should have no weight with us upon the question under consideration.

I am, therefore, constrained to the opinion that the decree complained of should be set aside and annulled, and a decree of this court entered sustaining the deed in question.