## CIRCUIT COURT OF THE CITY OF RICHMOND

Hubel Robins, Jr., et al.

v.

The Southland Corp.

January 25, 1990

Case No. N-7119-1

By JUDGE MELVIN R. HUGHES, JR.

In this case plaintiff-lessor alleges that after executing a written lease for real property, the defendant-lessee breached the lease by failing to get the necessary zoning and land use permits and by failing to construct and begin operating a store on the lease premises. In addition to alleging loss of minimum rent called for in the lease, plaintiff also claims loss of percentage rent and diminution in value of and loss of rental income from property they own surrounding the lease property. Plaintiffs assert defendant was intended to be an anchor tenant in their lease arrangement.

Defendant's Demurrer and Motion to Dismiss raises issues of (1) whether Count II in plaintiff's three count Bill of Complaint is a proper case for specific performance in equity, and (2) if the case is proper for such relief, whether the Court ought to get involved in a supervisory role by requiring defendant to obtain land use acquisition permits, construct a building, and pay plaintiff rents under the terms of the lease.

Defendant argues that plaintiffs themselves make a case of an adequate remedy at law by asserting in Count III a claim for breach of contract and damages and thereby

defeat their request for equitable relief in specific performance.

Plaintiffs argue, on the other hand, the percentage rent provision of the lease and the diminution in value of property they own surrounding the lease property make damages difficult to ascertain and thus nothing but specific performance can give them complete relief. Because they anticipate defendants will defend on the basis that damages are too uncertain and speculative, plaintiffs say the court should be able to decree specific performance.

It is a cardinal rule that once equity properly takes jurisdiction, it can give complete relief and award damages or even award damages in a case where equitable remedies are not allowed. Where equity has taken jurisdiction, it will do complete justice and prevent a multiplicity of suits. *Smith v. Smith*, 92 Va. 696, 245 S.E. 280 (1896). The question is whether the case, as pleaded, presents a proper case for equitable relief. The Court is not convinced plaintiffs are without an adequate remedy at law because there are means and methods of proving damages to a reasonable degree of certainty should a breach be shown by the evidence. Plaintiffs concede that they are prepared to prove, without the benefit of actual operating sales, loss of percentage rent, and property value diminution by use of actual sales data from comparable stores and by sales projections. Plaintiffs also submit they are prepared to present property appraisal evidence to establish property value diminution and loss of rent from the surrounding property. It is because they believe defendant will contest this evidence that they pray for equitable relief. Mere difficulty in the burden of proof as to damages does not give a ticket into equity if those damages are in fact ascertainable. There must be something other than simple contract dispute that is not otherwise redressable by a damage award to make a case a proper subject matter for equity. Specific performance can be decreed when a monetary award is an insufficient remedy and when that remedy would not involve undue practical difficulties. *Thompson v. Commonwealth*, 197 Va. 208 (1955).

Here, while the precise amount of damages may not be ascertainable to the last cent, such evidence need only prove that issue to a reasonable degree. "Damages are not rendered uncertain because they cannot be calculated

with absolute exactness or because the consequences of the wrong are not precisely definite in pecuniary amounts." *Washington Golf & Country Club v. Briggs & Brennan Developers*, 198 Va. 586 (1956).

Accordingly, the Demurrer and Motion to Dismiss are both sustained, and defendant can prepare the appropriate draft order noting exceptions, providing therein for filing of any amended pleadings within seven days of January 26, 1990, with responsive pleadings due in five days of receipt, if plaintiffs be so advised to make any amended pleadings. Otherwise, plaintiffs can stand on their original pleading noting exceptions, in which event the case should transfer to the law side of the Court.